Linda J. Johnson
Clapp, Peterson, Tiemessen,
　Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272 - phone
(907) 272-9586 - fax
usdc-anch-ntc@cplawak.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. DUNLEAVY, in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA<br><br>　　Defendants. | Case No. 3:19-cv-_____ |

**NOTICE OF REMOVAL**

COME NOW Defendants, Michael J. Dunleavy in his personal and individual capacity, Tuckerman Babcock, and State of Alaska (Defendants), by and through their attorneys, Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC, and hereby consent and remove the state court action captioned *Bakalar v. Dunleavy, Babcock and State of Alaska*, Case No. 3AN-19-04444CI filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska.

Plaintiff alleges a claim under 28 U.S.C. §1983. Therefore removal is made pursuant to 28 U.S.C. §1443, 28 U.S.C. §1446, 28 U.S.C. §1331, 28 U.S.C. §1367, and 28 U.S.C. §1441.

## I. THE REMOVED CASE

On January 10, 2019 Plaintiff Elizabeth Bakalar filed this action against Defendants in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-19-04444CI.

Plaintiff complains about employment issues, including allegations of a violation of her U.S. Constitutional First Amendment right, brought under 28 U.S.C. §1983. Plaintiff also alleges a violation of the Alaska Constitutional free speech right, and a violation of the covenant of good faith and fair dealing. All the claims arise from the same set of facts.

The Complaint states that Plaintiff seeks recovery of the following damages:

Injunctive relief;
Declaratory judgment;
Reinstatement, back pay, front pay, benefits, and incidental loss;
Punitive damages against the individually named Defendants;
Costs and attorney fees; and
Any other relief.

## II. THE REMOVAL IS TIMELY

A copy of the Complaint was filed in state court on January 10, 2019. The State of Alaska and Governor Dunleavy in his professional capacity received a copy shortly

thereafter. The undersigned will accept service for individual plaintiffs. Consent has been obtained from Governor Dunleavy in his individual capacity and Tuckerman Babcock in his individual capacity, and they affirm, through their attorneys, that they do not oppose the removal of the action to federal district court. Given that the complaint was filed January 10, 2019, and 30 days has not yet elapsed, this removal is timely filed within the 30 days after receipt of the Complaint. 28 U.S.C. §1446(b).

Pursuant to 28 U.S.C. §§1443, 1441 and 1446, venue properly lies in the United States District Court for the District of Alaska because Plaintiff alleges a civil right claim under 28 U.S.C. §1983.

Pursuant to 28 U.S.C. § 1446(a), copies of all documents served upon Defendants in the state court action are attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d) Defendants filed a written notice of this removal with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage. Copies of this Notice of Removal and the notice of filing this Notice of Removal directed to the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage are also being served upon Plaintiff as required by 28 U.S.C. § 1446(d).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

This suit is a civil action under which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. §§1331, 1443 and 1441 because Plaintiff alleges a civil rights claim under 28 U.S.C. §1983, which is federal question jurisdiction.

28 U.S.C. §1443 authorizes the Court to accept removal of a state court civil action when the claim arises under the U.S. Constitution or under federal laws. *Id*. 1443(c)(1)(A). 28 U.S.C. §1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's two state law claims, which arise from the same set of operative facts as the federal claim arises. The Court should exercise its supplemental jurisdiction in the interest of judicial economy, convenience, fairness and comity. The state law claims are not novel or complex issues of state law, they do not predominate over the federal claim, there has been no state court action to date in this case, and no exceptional or compelling reasons exist for the Court to refuse jurisdiction over the state law claims. Further, this is a civil action seeking relief of more than $100,000, as noted by the requirements for filing in State Superior Court.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter. No answer has yet been filed in the state court.

## IV. CONCLUSION

Defendants respectfully remove the state court action from the Superior Court for the State of Alaska and the Court should accept and order the removal of all claims against all parties.

DATED at Anchorage, Alaska, this 6th day of February, 2019.

> CLAPP, PETERSON, TIEMESSEN,
> THORSNESS & JOHNSON, LLC
> Attorneys for Defendant
>
> By  s/ Linda J. Johnson
>     Linda J. Johnson, ABA No. 8911070

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2019, a
copy of the foregoing document was served
via U.S. Mail on:

Stephen Koteff, Esq.
Joshua A. Decker, Esq.
ACLU of Alaska Foundation
1057 W. Fireweed Lane, Suite 207
Anchorage, AK  99503

By:  s/ Linda J. Johnson