Linda J. Johnson
Clapp, Peterson, Tiemessen,
   Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska  99501
(907) 272-9272 - phone
usdc-anch-ntc@cplawak.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY, in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA<br><br>Defendants. | Case No. 3:19-cv-00025-JWS |

**OPPOSITION TO MOTION TO CONSOLIDATE CASES**

Defendants, Michael J. Dunleavy, Tuckerman Babcock, and State of Alaska oppose the Motion to Consolidate this case with the case *Blanford and Bellville v. Dunleavy et al,* originally filed in Alaska State Superior Court, and recently removed to Federal District Court, now known as: Case No. 3:19-cv-00036-JWS. The two cases were purposely filed by the respective plaintiffs as two separate cases in state court and now that the two cases have been removed to federal court, Plaintiff desires to consolidate the cases pursuant to Fed. R. Civ. P. 42(a).  The factual and legal issues in the two cases are

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 1 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 1 of 13

not "virtually identical" as stated by Plaintiff. In fact there exist significant differences in the two cases. The unfair prejudice and inconvenience to Defendants outweighs any similarities. The motion should be denied.

## I.     Legal Standard

Plaintiff paraphrased Fed. R. Civ. P. 42 in her brief. The precise quote is:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

According to the civil rule, the Court *may* consolidate two cases that involve a common question of law or fact, but the Court *is not required* to consolidate the two cases.

This Court has broad discretion whether to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989)[1] citing 9 C. Wright A. Miller, *Federal Practice and Procedure* §2383 (1971); and *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928 (4th Cir. 1977).

---

[1] The Ninth Circuit decided *Investors Research* on a writ of mandamus and it sent the case back to the trial court to exercise its discretion on the motion to consolidate.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 2 of 13

Wright & Miller, Federal Practice & Procedure §2383 (2d ed. 1994) recommends that a court weigh saving time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause. Other district courts weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Raymond v. Martin*, 2019 Lexis 41914 (E.D. Cal. 2019) citing to *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.,* 720 F.Supp. 805, 807 (N.D. Cal. 1989). See also *Zhu v. UCBH Holdings, Inc.,* 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010) (In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'") (also quoting *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F.Supp. 805, 806-807 (N.D. Cal. 1989)). Consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).[2] Other jurisdictions agree. Even if it finds "that the actions involve common questions of law or fact," the court "must balance the efficiency gained through consolidation against possible prejudice to the parties." *Haas v. Brookhaven Mem'l Hosp.*, No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) "'[E]fficiency cannot be permitted to prevail at the expense of justice—

---

[2] See *Wilson v. HGC, Inc.*, 2016 Lexis (D. Oregon 2016) discussing unfair prejudice, citing to *EEOC.*

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 3 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 3 of 13

consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'"[3]

The risk of prejudice to defendants must be considered. In *Cantrell v. GAF Corp.,* 999 F.2d 1007 (6th Cir. 1993) the court noted why a court should scrutinize the amount of savings to be achieved:

> Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. Conservation of judicial resources is a laudable goal. However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.

*Id.* at 1011.

Similarly, *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492 (11th Cir. 1985)*,* likewise set out risks for a court to consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and

---

[3] See also *Devlin v. Transportation Comm. Int'l. Union*, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original) (internal citation omitted). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) "The benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993). Specifically, consolidation should be denied where it "would likely increase the scope of trial" for the parties "litigating in one case but not the other." *Curry v. American Standard*, Nos. 7:08-CV-10228, 7:07-CV-4771, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010); *Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463, 465 (S.D.N.Y. 1977) ("[I]f the cases were consolidated, the trial of each would be impeded by the introduction of voluminous irrelevant evidence..."); *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir 1973) ("[W]here the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation..."); see also *In re Brooklyn Navy Yard Asbestos Litig.,* 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice..."). In short, consolidation is inappropriate when it will adversely affect the rights of parties. *Liberty Media Corp. v. Vivendi Universal*, 842 F. Supp. 2d 587, 592 (S.D. NY 2012).

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 4 of 13

legal issues, the lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 1495, quoting *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied,* 460 U.S. 1102 (1983) (Failure to carefully consider the alternative procedures advanced by appellants as a means of avoiding them may well constitute an abuse of discretion.).

Finally, Plaintiff, as the moving party, bears the burden of establishing that consolidation is necessary. "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Wright v. Unum Life Insurance Co. of Am.*, 2016 Lexis 189101 (D. Alaska 2016). See also, *Voggenthaler v. Md. Square. LLC,* 2010 Lexis 74232 at *33 (D. Nev. 2010) ("The burden is on the movant to convince the court that there should be consolidation." Citing to *Transeastern Shipping Corp. v. India Supply Mission,* 53 F.R.D. 204, 206 (S.D.N.Y. 1971).).

## II. Issues of Law and Fact are Dissimilar and Consolidation Would be Prejudicial to Defendants

Bakalar cannot prove that any benefit of economy and convenience gained by consolidation will outweigh the prejudice to Defendants.

The questions of law and fact between the two cases that Bakalar seeks to consolidate are insufficiently similar for the Court to order consolidation. Bakalar claims

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 5 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 5 of 13

that the issues of law are "identical." That analysis is flawed. Although both cases contain the same rights were violated, the application of the law to those claims will be distinctly different in each case. Combining the cases would confuse a jury and prejudice Defendants.

The parties are not identical in both cases - the Defendants in both cases are the same, but the plaintiffs are different in each case. This places Defendants at an immediate and distinct disadvantage, since Defendants would need to defend two cases in one trial if the cases were consolidated.

The facts surrounding the two cases differ considerably, as seen in Plaintiff's submission of evidence on page 3-4 of her Motion.[4] The two Complaints offer different factual scenarios.

Bakalar says she was an at-will Department of Law employee serving in the Labor and State Affairs section. Complaint at ¶17 [Doc. 6-2]. She says she submitted her resignation and that resignation was accepted after Gov. Dunleavy was sworn in. Complaint at ¶53. Bakalar claims she was exercising her right to free speech as a prolific blogger on left-leaning political topics via "One Hot Mess Alaska". Complaint at ¶2, ¶26. Bakalar claims that she was terminated based on her exercise of free speech. She also

---

[4] No answer has yet been filed, since at the meeting of counsel that took place pursuant to Order Re Motion To Dismiss, at Docket 4, Bakalar's attorney indicated that she would file an amended complaint. Therefore the facts before the Court are only those as alleged in the two Complaints, and citing to those Complaints does not indicate that Defendants agree to any fact or claim alleged.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 6 of 13

claims that a woman from the Mat-Su Valley influenced Defendants to eliminate her from her position. Complaint at ¶¶30-33, 59. Bakalar says she was investigated for violating ethical standards, but that her blogging "had not interfered with her work" in any way. Complaint at ¶35. She alleges another Assistant Attorney General was terminated for her "social media presence" as well. Complaint at ¶¶56-57.

In contrast, in *Blanford*, the two doctors, Blanford and Bellville, were at-will employees at Alaska Psychiatric Institute (API). See 3:19-cv-00036-JWS, Doc. 7-2 at ¶5. As stated in the Complaint, Blanford was the "director of psychiatry at API" and Bellville was a "staff psychiatrist". *Id*. at ¶¶19, 20. Each man says that he received a memorandum dated November 16, 2018 seeking resignations from all at-will employees. See Complaint, Ex. A. Blanford and Bellville allege the memo was a solicitation for a "pledge of allegiance." *Id*. at ¶6. The doctors claim their refusal to file a resignation would "violate their duties as doctors" because "their first obligation was to their patients." *Id*. at 7. Blanford penned an "OpEd" to the Anchorage Daily News after being asked to submit his resignation. *Id*. at ¶8, and ADN article attached to *Blanford* Complaint as Exhibit A, page 32. The doctors specify the purpose of their suit was "to defend and advance the constitutional principle that public employees may not be coerced by the head of a government into a pledge of loyalty, or retaliated against for speaking

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 7 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 7 of 13

out on matters of public concern."[5] *Id*. at 11. Blanford and Bellville claim that they were entitled "not" to speak. *Id*. at ¶60. They claim that their act of disobedience, refusing "to offer their letters of resignation," was itself free speech. *Id*. at ¶61. Blanford and Bellville do not assert that they offered their objection to any person at the State of Alaska or to the Dunleavy Transition Team.

The two separate sets of facts contradict each other – in one Bakalar claims that she was retaliated against for speaking. In the other case, Blanford and Bellville claim they refused to speak and were retaliated against. Jury instructions for one case will be the different for each case. The foundational conflicts between the theories of liability will require Defendants to present separate defenses. The jury will have difficulty keeping the liability and defenses of the dissimilar claims separate. The convenience argument is outweighed by prejudice to Defendants.

The presentation of separate defenses for the separate legal theories will require separate witnesses to establish each defense. It will be confusing to a jury to determine which issue a witness is addressing. Other than Defendants, it is anticipated that there will be little overlap in witnesses. The trial time will lengthen for each matter. For the jury to listen to and separate out the unique factual scenarios of each case will be confusing and prejudicial.

---

[5] The matter of public concern apparently was addressed solely by Dr. Blanford in his ADN OpEd.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 8 of 13

Expert witnesses will likely be required for each matter. For example, there are likely to be expert witnesses regarding the API doctors' duties and responsibilities, which will not be pertinent to Bakalar, thereby unnecessarily lengthening her trial. This testimony will be a tangent to her claims and confusing to the claim brought by Bakalar.

The logistics of expert and lay expert witness testimony at a joint trial highlights the delay, burden, and prejudice inherent in consolidation. Each expert's testimony will lengthen the trial of the other matter. Likewise, fact witnesses raise similar concerns. Thus a joint trial will inherently demand more court time than separate trials because additional time must be allotted for each party to examine the many witnesses who would otherwise not appear in the case.

Likewise, Plaintiffs each have separate and unique claims as to damages and their mitigation thereof. The jury will need to keep all factual allegations separate, which will be confusing. Further, consolidating the cases may lead the jury to award similar damages to all Plaintiffs, if liability is reached, due to factors unique to *another* Plaintiff. Such a result would surely be prejudicial to Defendants.

Defendants' counsel will be required to present two separate defenses during one trial. By combining the two cases, the Plaintiff will draw the attention of Defendants' counsel away from the concentrated defense of each matter. Plaintiffs have presented two unique theories: retaliation for speaking and retaliation for remaining silent. Defendants will need to split their time defending the two distinctive claims and the trial

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 9 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 9 of 13

is likely to be longer than two discrete trials. The convenience argument is insufficient to encompass the additional work that will be required.

During trial, peremptory challenges may be limited in the combined cases, which would likewise be prejudicial to Defendants. See *Matanuska Valley Lines, Inc. v. Neal*, 255 F.2d 632 (1957) (denying appeal based on challenge to limited peremptory challenges in consolidated case). The prejudice to Defendants regarding peremptory challenges, along with the other identified problems is cumulative and adds to the weight against consolidation.

There will be pre-trial issues in each action which will not otherwise arise in the other. For example, there are potential issues of spoliation in the *Bakalar* case, based on what appears to be Bakalar's deletion of certain relevant social media posts.[6] These issues are less likely in *Blanford*, and delay of the *Blanford* trial based upon *Bakalar* spoliation motions would be prejudicial to Defendants.

Likewise, if the cases are consolidated, then artificial barriers would be placed on available interrogatories and the number of depositions pursuant to the Federal Rules of Civil Procedure, which would unfairly constrain Defendants. Prejudice also arises with joint trials because it will multiply the opportunities for Plaintiffs to claim error at trial. Defendants will be prejudiced if Plaintiffs use one case to claim error in another. Further, there may be a delay in judgment for one case after trial if an appeal was necessary.

---

[6] Defendants discussed this issue with Plaintiffs' counsel.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 10 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 10 of 13

The likelihood of jury confusion and prejudice to Defendants outweighs any efficiency that might be achieved through consolidation. Although a few issues may overlap, judicial economy will not be promoted. Most of the work common to both cases will be determined at the start of the cases, e.g. Motions to Dismiss[7] and Motions for Summary Judgment. In each case, the issues will turn on the individual, unique facts pled by Plaintiffs, not on their similarities.

When the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice, Defendants assert that the weight of consolidation tips to Defendants' position: the cases should remain separate.

## III.     If the Court Considers Consolidation, It Should Be For Limited Purposes

If this Court does not entirely rule out consolidation, the Court has the discretion to consolidate the two cases for pretrial purposes only, such as discovery and motion practice. *See, e.g., Barraford v. T & N Ltd.*, 778 F.3d 258, 262 n.8 (1st Cir. 2015), cited in Wilson, at *2-3. Consolidation for discovery purposes might alleviate Plaintiffs concerns about costs and convenience. However, if the Court considers consolidation of discovery, for any witness who is potentially related to each matter, such as Governor Dunleavy, Defendants agree that a deposition may be taken once and questions pertinent to each matter can be asked at that time.

---

[7] Defendants discussed their intention to file a motion to dismiss in each case with Plaintiffs' counsel, as required by Court order at Docket 5.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 11 of 13

Defendants are concerned, however, that if the cases are consolidated for discovery purposes, that the Defendants retain the full number of interrogatories pursuant to Fed. R. Civ. P. 30 and the full number of depositions pursuant to Fed. R. Civ. R. 33. Otherwise, the two cases should not be consolidated at all.

Further, pre-trial motions may contain some overlapping issues, including qualified immunity, discretionary immunity, and other challenges to the claims raised by all Plaintiffs based on the similarities in Defendants. For the purposes of briefing issues common to both cases, the Court has the discretion to consolidate for that limited purpose. However, there are many issues that may not be relevant to each case, such as whether Bakalar has committed spoliation of evidence and the effects of such upon her claims. Therefore, if the Court believes it necessary, the consolidation of briefing should be limited to those motions that contain common issues.

## IV. Conclusion

The separate issues of law and fact will prolong a trial. The jury will be confused as to the rights at issue, alleged retaliation, and defenses necessary to the peculiar facts at issue. The motion should be denied.

If the Court chooses to consolidate the cases, it should only do so for limited discovery and pre-trial motion purposes.

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 12 of 13

Case 3:19-cv-00025-JWS   Document 10   Filed 03/28/19   Page 12 of 13

DATED at Anchorage, Alaska, this 28th day of March, 2019.

             CLAPP, PETERSON, TIEMESSEN,
             THORSNESS & JOHNSON, LLC
             Attorneys for Defendant

             By  s/ Linda J. Johnson
               Linda J. Johnson, ABA No. 8911070

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2019, a copy of the foregoing document was served electronically through the ECF system on:

Stephen Koteff
Joshua A. Decker
skoteff@acluak.org
jdecker@acluak.org

By:  s/ Linda J. Johnson

Opposition to Motion to Consolidate Cases
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 13 of 13