STEPHEN KOTEFF, NO. 9407070
JOSHUA A. DECKER, NO. 1201001
ACLU OF ALASKA FOUNDATION
1057 W. FIREWEED LANE, STE. 207
ANCHORAGE, AK 99503
(907) 263-2007
*skoteff@acluak.org*

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY, in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>Defendants. | Case No. 3:19-cv-00025-JWS |

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES

Defendants oppose Plaintiffs' Motion to Consolidate Cases primarily because of the prejudice they say will result from trying the matters together. But Defendants offer little more than hypothetical harm, speculating, for example, that confusion would result from having to present the factual differences in the cases to a jury. Defendants fail to acknowledge, however, that the Court has broad power to instruct the jury on the limited sets of facts that distinguish

the two sets of plaintiffs to ensure that misunderstandings do not occur. Defendants' argument also rests on the dubious premise that a jury could not be sufficiently intellectually equipped to sort out the individual circumstances of the three plaintiffs. But this would make reliance on a jury's findings a dubious proposition in all but the simplest of cases. After all, "[j]urors are presumed to be intelligent persons capable of understanding and correlating jury instructions." *Ensey v. Cate*, No. 1:10-CV-00293-LJO, 2012 WL 787618, at *7 (E.D. Cal. Mar. 9, 2012). *See also Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) ("The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.")

To be sure, there could be cases where the presence of multiple plaintiffs, each with their own particular circumstances, could present a situation where confusion was more likely to result. Such was the case in *Arroyo v. Chardon*, 90 F.R.D. 603 (D.P.R. 1981), where the court concluded that it would be prejudicial to the defendants to consolidate the plaintiff's case with eight other cases where each of the nine plaintiffs alleged dissimilar facts relating to their firings. *Id.* at 606. But this case is much more like *De Figueiredo v. Trans World Airlines,*

ACLU OF ALASKA FOUNDATION
1057 W. Fireweed Ln. Suite 207
Anchorage, Alaska 99503
TEL: 907.258.0044
FAX: 907.258.0288
EMAIL: *legal@acluak.org*

*Inc.*, 55 F.R.D. 44 (S.D.N.Y. 1971), where an airline's male "purser," who claimed he was being discriminated against by the airline based on his sex, sought to consolidate his case with that of the airline's female "stewardesses," who claimed that they were being discriminated against in favor of the male pursers. The court rejected the defendant's assertions that it would be prejudiced by having to defend against both claims in the same action. The court concluded that requiring the defendant to "defend itself against inconsistent *claims* [did] not mean that it [would] be forced to present inconsistent *defenses*." *Id.* at 47. Like the defendant in that case, Defendants here assert that they will be prejudiced by having to defend against Ms. Bakalar's "right to speak" claims while also defending against Dr. Blanford's and Dr. Bellville's "right not to speak" claims. But, just as in *De Figueiredo,* Defendants' defenses to those claims will not be inconsistent at all. The fact that one plaintiff exercises her right to speak by being vocal, while another plaintiff exercises his same right by staying silent, does not alter the fact that all three plaintiffs allege that they were fired for expressing a political point of view that differed from those of the incoming administration's.

Defendants also argue that they would have to "defend two cases in one trial" if the cases are consolidated, but then fail to plausibly

explain why this would be more onerous than defending two cases in two trials, while at the same time ignoring the additional burden (i.e., double) that two trials would impose. Defendants offer that "a joint trial will inherently demand more court time than separate trials because additional time must be allotted for each party to examine the many witnesses who would otherwise not appear in the case." But those witnesses, of course, would appear and testify in the other trial that the court must convene, along with all of the witnesses *who are appearing twice* because their testimony relates to the many common factual issues that exist. Indeed, if the Court were to convene two trials, it and the separate juries would not only have to cover the same broad factual ground twice, each jury would be called on to understand and would have to be instructed on the law of free speech as it relates to governmental employees, the law establishing the implied covenant of good faith and fair dealing, the laws on damages, and any laws governing common defenses that Defendants present.

Finally, Defendants argue that "there may be a delay in judgment for one case after trial if an appeal was necessary." This concern is unfounded, however, because "constituent [consolidated] cases retain their separate identities at least to the extent that a final

*Bakalar v. Dunleavy, et al.*
Case No. 3:19-cv-00025-JWS <span style="float:right">Page 4 of 6</span>

decision in one is immediately appealable by the losing party." *Hall v. Hall,* 138 S. Ct. 1118, 1131 (2018).

Defendants concede, as they must, that consolidation is appropriate for the purposes of discovery and other pretrial matters. And any concerns about the limitations on discovery can easily be disposed of. Plaintiffs will readily agree that the parties should retain their full complement of discovery requests as they now exist in the two separate cases. Given the clear advantages to combining these matters, the Court should order the cases consolidated for all purposes now. If evidence comes to light as the result of discovery that would favor separate trials, Defendants would remain free to renew their opposition or move for separate trials. *See De Figueiredo,* 55 F.R.D. at 47.

For all of the above reasons, and for the reasons set forth in Plaintiff's Motion to Consolidate Cases, the Court should consolidate this matter with *Anthony L. Blanford and John K. Bellville v. Michael J. Dunleavy, et al.,* Case No. 3:19-cv-00036-JWS. Both cases involve factual and legal issues that are overwhelmingly similar, the defendants are the same in both cases, and consolidation will promote convenience and judicial economy.

ACLU OF ALASKA FOUNDATION
1057 W. Fireweed Ln. Suite 207
Anchorage, Alaska 99503
TEL: 907.258.0044
FAX: 907.258.0288
EMAIL: *legal@acluak.org*

Dated April 4, 2019.

By: <u>      s/Stephen Koteff      </u>
Stephen Koteff, Bar No. 9407070
Joshua A. Decker, Bar No. 1201001
ACLU OF ALASKA FOUNDATION
1057 West Fireweed Lane, Suite 207
Anchorage, AK 99503
(907) 263-2007
skoteff@acluak.org
jdecker@acluak.org

*Counsel for Plaintiff Elizabeth Bakalar and for Plaintiffs Anthony L. Blanford and John K. Bellville in Case No. 3:19-cv-00036-JWS*

ACLU OF ALASKA FOUNDATION
1057 W. Fireweed Ln. Suite 207
Anchorage, Alaska 99503
TEL: 907.258.0044
FAX: 907.258.0288
EMAIL: *legal@acluak.org*