# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| Elizabeth Bakalar, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | 3:19-cv-00025 JWS |
| vs. | ) ) | ORDER AND OPINION |
| Michael J. Dunleavy, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## I. MOTION PRESENTED

At docket 8, plaintiff Elizabeth Bakalar moves to consolidate this case with Case Number 3:19-cv-00036, *Anthony L. Blanford and John K. Bellville v. Michael J. Dunleavy, et al.*, pursuant to Fed. R. Civ. P. 42(a). Blanford and Bellville join in the motion.

## II. BACKGROUND

Elizabeth Bakalar was an assistant attorney general employed in the Department of Law for more than 12 years. She was regularly promoted, and her job performance was consistently good. Her position at the department was not a policy making position. She occasionally spoke publicly on national issues. She wrote a blog on her own time. After the election of President Trump, her blog included negative comments about him. Anthony L. Branford, M.D., was employed as the director of Psychiatry at the Alaska

Psychiatric Institute ("API").  John K. Belleville, M.D. worked as a psychiatrist at API in a *locum tenens* position.

Michael J. Dunleavy, a conservative Republican, was elected to be Alaska's new governor in November of 2018.  Dunleavy selected Tuckerman Babcock, who was serving as the chair of the Alaska Republican Party, to be his chief of staff.  During the transition period before Dunleavy took office, Babcock sent letters to over 1,200 at-will State employees asking for their resignations.  According to Babcock the resignations were requested so that the at-will employees could respond by pledging allegiance to Dunleavy's policy goals.  An employee not offering the pledge by November 30, 2018, put her employment at risk of termination.

Shortly after Dunleavy took office, all three plaintiffs were fired.  Bakalar submitted the requested resignation, which was accepted.  She alleges that she was fired because of her political expressions which were inimical to the views held by Dunleavy and Babcock.  Blanford wrote an op-ed which appeared in the Anchorage Daily News explaining why he believed demanding the doctors' resignations was not appropriate.  The doctors took the position that their first duty was to their patients and providing the pledge was inconsistent with that duty.  Blanford and Bellville were fired for refusing to pledge allegiance to Dunleavy's agenda.

### III.  DISCUSSION

Plaintiffs contend that the cases present identical questions of law in that the defendants retaliated against each of them because they exercised their First Amendment right to free speech.  Plaintiffs also argue that the cases present common questions of fact.  According to plaintiffs, the only differences are that Bakalar "alleges

that she was fired in retaliation for exercising her free speech rights by blogging about national politics, while [Blanford and Bellville] allege that they were fired in retaliation for exercising their free speech rights when they refused to offer resignations under the conditions announced by Defendants Babcock and Dunleavy."[1] Plaintiffs urge that consolidation will promote judicial economy, avoid inconsistent results, and will not prejudice defendants.

Rule 42 of the Federal Rules of Civil Procedure gives courts discretion to consolidate cases that involve a common question of law or fact. Rule 42 does not mandate consolidation. Indeed, courts have broad discretion when deciding whether consolidation is appropriate.[2] The party asking for consolidation bears the burden to show that the benefits of consolidation outweigh any negative consequence of consolidation.[3]

Both cases involve First Amendment claims and both arise in a context in which Dunleavy and Babcock were seeking to extract a pledge of allegiance to Dunleavy's conservative policy agenda. However, resolving the two cases will require consideration of distinct First Amendment claims.

Bakalar's claim turns on the proposition that she was fired for expressing views that defendants did not like. In contrast, the doctors were not fired for speaking. They were fired for refusing to speak by pledging allegiance. Were the case tried to a single

---

[1] Docket 8 at p. 4.

[2] *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.,* 877 F.2d 777,777 (9th Cir. 1989).

[3] *Wright v. Unum Life Ins. Co. of Am.*, No. 3:15-cv-00096, 2016 WL 9414092, at *1 (D. Alaska Sept. 9, 2016).

jury there would be a significant risk of confusing the jury as the evidence was presented.  There would need to be separate sets of jury instructions which might also confuse the jury.  A single trial of both cases would impose case management burdens on the court in an effort to avoid such confusion.

Aside from the defendants themselves, there would be little or no overlap of liability witnesses.  Moreover, there would be different damages witnesses for Bakalar's claim than for the doctors' claims.  Consolidation would not achieve any economy with respect to hearing testimony and evaluating exhibits.

It is not clear that one complicated trial would take significantly less time than two simpler trials.  The only extra time required for two trials would be the need for two jury selections.  Even there, each jury selection would be simpler if the two cases are not consolidated, so the extra time would be negligible.

## IV.  CONCLUSION

In light of the preceding discussion, the court concludes that plaintiffs have not shown that the benefits of consolidation outweigh the negative consequences attendant on consolidation.  The motion at docket 8 is DENIED.

DATED this 22nd day of April 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT