Linda J. Johnson
Clapp, Peterson, Tiemessen,
  Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272 - phone
usdc-anch-ntc@cplawak.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. DUNLEAVY, in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA<br><br>   Defendants. | <br><br><br><br><br><br><br><br><br><br>Case No. 3:19-cv-00025-JWS |

**MOTION FOR STAY OF DISCOVERY PENDING
DECISION ON QUALIFIED IMMUNITY**

Defendants, Michael J. Dunleavy, Tuckerman Babcock, and State of Alaska move pursuant to Federal R. Civ. P. 26(c) for a protective order staying discovery pending a decision on qualified immunity for the Individual Defendants named in Plaintiff's complaint. The motion for summary judgment on qualified immunity will be filed expeditiously. Upon motion by a party or person from whom discovery is sought, a court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . . ." *Id.* Further, Fed. R. Civ. P. 1 states that the rules are to be construed,

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 1 of 6

Case 3:19-cv-00025-JWS   Document 26   Filed 06/04/19   Page 1 of 6

administered and employed by the court to secure the "just, speedy, and inexpensive determination of every action and proceeding." It would be unduly burdensome and expensive to allow discovery to proceed against the Individual Defendants until the Court has had the opportunity to rule on qualified immunity. U.S. Supreme Court case law supports the stay of discovery pending the decision on qualified immunity. The motion should be granted.

## I. Certification of Good Faith.

The undersigned certifies that the Defendants have tried in good faith to confer with Plaintiff in an attempt to resolve this motion without Court action.

On February 22, 2019, Plaintiff's counsel was informed of the intent to file a motion on qualified immunity during the meeting between counsel required by the Court in its Order at Docket 4. Further, the qualified immunity defense was brought as Affirmative Defense No. 8 in Defendant's Answer.

On May 20, 2019 the undersigned attempted to obtain Plaintiff's agreement to stipulate to a stay of discovery. Plaintiff's counsel did not reply.

## II. A Stay of Discovery Should Be Granted.

### A. The Court's Authority To Stay Discovery.

It is well settled that this Court has wide discretion in controlling discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). Federal Rules of Civil Procedure permit this Court to enter a protective order staying discovery. Fed. R. Civ. P. 26(c).

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 2 of 6

Case 3:19-cv-00025-JWS   Document 26   Filed 06/04/19   Page 2 of 6

## B. Qualified Immunity Must Be Resolved Before Broad-Ranging Discovery May Commence In Order To Minimize Disruption.

Plaintiff named Governor Mike Dunleavy and Chief of Staff Tuckerman Babcock in their individual capacity. Each of these Defendants asserted qualified immunity,[1] and should have the opportunity, at the outset of litigation, to establish their immunity from suit.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz,* 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). The question of qualified immunity should be resolved before discovery begins. The U.S. Supreme Court held in *Anderson v. Creighton* 483 U.S. 635 (1987) that one of the purposes of qualified immunity is to protect public officials from "broad-ranging discovery" that can be "peculiarly disruptive of effective government." The *Anderson* court recognized that the "driving force" behind the creation of the qualified immunity doctrine was a desire to ensure that "insubstantial claims" against government officials will be resolved prior to discovery. *Id*. at 640 fn. 2. Because the basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery until the threshold questions is resolved, discovery should not be permitted. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), citing *Siegert* v. *Gilley*, 500 U.S. 226, 236 (1991). See also *Hunter v. Bryant*,

---

[1] See Answer at Docket 23, Affirmative Defense #8 at page 17.

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 3 of 6

502 U.S. 224, 227 (1991) ("We repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.")

Pursuant to U.S. Supreme Court case law, the disruption to the State of Alaska and the Governor's Administration must be minimized and therefore a stay of discovery is appropriate until the Court rules on qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) articulated that depositions can be peculiarly disruptive of effective government. *Id*. at 817. See also *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). Due to the disruption that a lawsuit imposes on governmental entities, the U.S. Supreme Court has repeatedly emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation. *Ashcroft v. Iqbal* stated:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

556 U.S. at 685.

If discovery is permitted at this stage of the litigation, it will unnecessarily disrupt the Governor's office, the Attorney General's office, and all other areas of state government from which Plaintiff will attempt to seek discovery. The Governor and his staff have significant and substantial duties that should not be interrupted or burdened

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 4 of 6

Case 3:19-cv-00025-JWS   Document 26   Filed 06/04/19   Page 4 of 6

with discovery. This disruption would also affect the Governor's Chief of Staff, Tuckerman Babcock, as well as the Attorney General's office - where Plaintiff was formerly employed. Disruption would unduly affect the Governor's administration since there are pressing budget issues for the new administration to resolve, as has been extensively reported by the media. Ex. A. The effectiveness of the state government should be maintained while qualified immunity is resolved by the Court. Resolution of the issue at an early stage will prevent waste of state assets through needless discovery.

Pending the Court's decision on a motion for summary judgment based on qualified immunity, discovery should be held in abeyance until the Court has the opportunity to determine qualified immunity.

**III. Conclusion.**

For all the reasons set forth above, the motion to stay discovery should be granted and should remain in place until the issue of qualified immunity is resolved by the Court.

DATED at Anchorage, Alaska, this 4th day of June, 2019.

                            CLAPP, PETERSON, TIEMESSEN,
                            THORSNESS & JOHNSON, LLC
                            Attorneys for Defendant

                            By  s/ Linda J. Johnson
                                Linda J. Johnson, ABA No. 8911070

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 5 of 6

Case 3:19-cv-00025-JWS   Document 26   Filed 06/04/19   Page 5 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2019, a copy of the foregoing document was served electronically through the ECF system on:

Stephen Koteff  skoteff@acluak.org
Joshua A. Decker  jdecker@acluak.org

By:  s/ Linda J. Johnson

Motion for Stay of Discovery
*Bakalar v Dunleavy, et al.*, Case No. 3:19-cv-00025-JWS
Page 6 of 6

Case 3:19-cv-00025-JWS   Document 26   Filed 06/04/19   Page 6 of 6