# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

**BAKALAR v. DUNLEAVY, et al.**
**BLANFORD, et al. v. DUNLEAVY, et el.**

| THE HONORABLE JOHN W. SEDWICK | 3:19-cv-00025; 3:19-cv-00036 |
|---|---|
| ORDER FROM CHAMBERS | July 30, 2019 |

Defendants Michael J. Dunleavy, Tuckerman Babcock, and State of Alaska have moved for a protective order staying discovery in cases 3:19-cv-00025 and 3:19-cv-00036. The motion is filed at docket 26 in case 3:19-cv-00025 and at docket 27 in case 3:19-cv-00036. The asserted reason for a blanket stay of discovery is the same for both cases— Defendants Dunleavy and Babcock, who have been sued for damages in their individual capacities under § 1983, should not be subjected to the burdens of discovery until the court makes a decision on whether they are immune from such a suit in the first instance based on the doctrine of qualified immunity. Qualified immunity protects government officials sued in their individual capacities from liability for civil damages unless the conduct complained of violates a clearly established constitutional or statutory right of which a reasonable person would have been aware.[1] Defendants argue that "[b]ecause the basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery until the threshold question is resolved, discovery should not be permitted."[2]

As of the date of this filing, almost two months after their request for a stay, Defendants have yet to file a motion for qualified immunity. Without a pending motion, Defendants' request is premature and, if granted, would allow Defendants to continue to delay progression of the cases.

Moreover, the court is persuaded by Plaintiffs' argument that "Defendants' Motion is premised on the faulty assumption that a stay will relieve the individual

---

[1] *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009); *see also Cmty. House, Inc. v. City of Boise,* 623 F.3d 945, 964-65 (9th Cir. 2010) (qualified immunity is only available to government officials sued in their individual capacity and not to those sued only in their official capacities).

[2] 3:19-cv-00025, doc. 26 at p. 3; 3:19-cv-00036, doc. 27 at p. 4.

Defendants of discovery obligations if they are found to be immune from this lawsuit."[3] That is, given the types of claims brought by Plaintiffs and the allegations contained in their complaints, qualified immunity cannot protect Defendants Dunleavy and Babcock from having to participate in the litigation, including the discovery process. Apart from the § 1983 claim for damages against Defendants Dunleavy and Babcock in their individual capacities, Plaintiffs seek declaratory and injunctive relief against the State of Alaska and Defendant Dunleavy in his official capacity. These claims are not impacted by any qualified immunity defense, and discovery on these claims will therefore proceed.[4] The scope of discovery will not be greatly impacted by the potential application of qualified immunity to protect the individual Defendants from being sued for damages. Plaintiffs' allegations directly implicate Defendants Dunleavy and Babcock in the firings that are at the center of these two cases. Their actions and knowledge as to the firings are essential to any resolution, and consequently their participation in discovery to some extent is unavoidable regardless of whether they are individually immune from suit.[5]

Based on the foregoing, Defendants' motions seeking a blanket stay of discovery are DENIED. In the event Defendants file a motion to dismiss based on qualified immunity and Plaintiffs eventually seek discovery that is specific to the claim for damages or tailored to Defendants in their individual capacities before the court rules on such motion, Defendants can seek a more particularized protective order.

Given the parties' disagreement over the need for a blanket stay of discovery, they have been unable to move forward with the required scheduling and planning conference report. In an effort to prevent further delay, a status conference is set for August 9th, 2019 at 3:30 p.m. in Courtroom 4.

---

[3] 3:19-cv-00025, doc. 27 at p. 2; 3:19-cv-00036, doc. 28 at p. 2.

[4] *See Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007 ) ("To the extent that [the defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity.")

[5] *See Sherrod v. Breitbart*, 304 F.R.D. 73, 75 (D.D.C. 2014) (noting that high-ranking government officials may be subject to depositions if they have personal knowledge about the matter and the information is not available elsewhere).