Brewster H. Jamieson, ABA No. 8411122
Peter C. Partnow, ABA No. 7206029
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3325
 907-264-3317
 907-264-3303
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
 partnowp@lanepowell.com
 baylousm@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>    Defendants. | Case No. 3:19-cv-00025-JWS<br><br>**AMENDED ANSWER<br>FOR ALL DEFENDANTS** |

Defendants, Michael J. Dunleavy, Tuckerman Babcock, and State of Alaska (Defendants) respond to the "Complaint for Damages and Injunctive Relief" (Complaint), filed by Plaintiff Elizabeth Bakalar, as follows:

**Response to Plaintiff's Introduction**

1. Defendants admit that Plaintiff has brought this action and asserted claims related to free speech under the United States and Alaska Constitutions. Defendants deny all remaining allegations in paragraph 1 of Plaintiff's complaint.

2. Defendants admit that Bakalar blogs about politics on her site: "One Hot Mess Alaska." All remaining allegations and inferences in paragraph 2 of Plaintiff's complaint are denied.

3. Defendants admit that Bakalar worked as an assistant attorney general for the State of Alaska for over twelve years and that she was recognized for her work during that time period. Defendants deny the remaining allegations in paragraph 3 of Plaintiff's complaint.

4. Defendants deny the allegations in paragraph 4 of Plaintiff's complaint.

5. Defendants deny the allegations in paragraph 5 of Plaintiff's complaint.

## Jurisdiction and Venue

6. As to paragraph 6 of Plaintiff's complaint, the jurisdictional statement was written when the case was filed in state court and is therefore an out of date statement of law. The case was removed to federal court and Defendants admit that the federal court has jurisdiction regarding the subject matter in the complaint for all the reasons set forth in the Notice of Removal.

7. As to paragraph 7 of Plaintiff's complaint, the venue statement was written when the case was filed in state court and is therefore an out of date statement of law. Defendants admit that venue in Alaska federal court is appropriate for all the reasons set forth in the Notice of Removal.

## Parties

8. Defendants admit paragraph 8 of Plaintiff's complaint.

9. Defendants admit that Michael Dunleavy is the Governor of the State of Alaska, and that he has been sued in his official and individual capacities. Defendants admit that Governor Dunleavy was involved in the process of asking at-will State of Alaska employees to submit letters of resignation. All remaining allegations in paragraph 9 of Plaintiff's complaint are denied.

10. Defendants admit that Tuckerman Babcock is the Chief of Staff for Governor Dunleavy, and admit that he was the chair of the transition team. Defendants

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 2 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 2 of 14

admit that Governor Dunleavy was elected November 6, 2018. Defendants admit that Mr. Babcock has been sued in his individual capacity. Defendants admit that Defendant Babcock was involved in the decision to accept Plaintiff's letter of resignation. All remaining allegations stated in paragraph 10 of Plaintiff's complaint are denied.

11. Defendants admit paragraph 11 of Plaintiff's complaint.

### Response to Plaintiff's Factual Statements

12. Defendants admit paragraph 12 of Plaintiff's complaint.

13. Defendants admit paragraph 13 of Plaintiff's complaint.

14. Defendants admit that Bakalar was moved to the classification of Attorney III in 2009. Bakalar has quoted a portion of her overall performance evaluation. All remaining allegations in paragraph 14 of Plaintiff's complaint are denied.

15. Defendants admit that Bakalar was transferred to the Labor and State Affairs section in August 2011 (not April 2011) and was assigned as an assistant attorney general to impartially represent the Division of Elections and the Lieutenant Governor in his duties to oversee the state election laws and ensure uniform implementation of those laws throughout the State of Alaska, qualify candidates and ballot initiatives, the state voter pamphlet, and maintain voter registration records, as well as other duties. All remaining allegations in paragraph 15 of Plaintiff's complaint are denied.

16. Defendants admit that Bakalar was moved to the classification of Attorney IV, and that Bakalar has quoted a portion of her overall performance evaluation. All remaining allegations in paragraph 16 of Plaintiff's complaint are denied.

17. As to paragraph 17 of Plaintiff's complaint, Defendants admit that Bakalar represented multiple agencies while she was employed as an assistant attorney general. All remaining allegations stated in paragraph 17 of Plaintiff's complaint are denied.

18. Defendants admit the allegations in paragraph 18 of Plaintiff's complaint.

19. Defendants admit that Bakalar was promoted to the classification of Attorney V.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 3 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 3 of 14

20. Defendants admit that Bakalar played a part in drafting published Attorney General Opinions for the Attorney General's approval and issuance, worked on ballot measures, referendum, recalls, and the Stand for Salmon ballot measure, which was subsequently litigated and found partly unconstitutional by the Alaska Supreme Court. All remaining allegations stated in paragraph 20 of Plaintiff's complaint are denied.

21. Defendants admit that as part of Bakalar's duties as an assistant attorney general, Bakalar was one of several attorneys assigned in 2013 to represent the State of Alaska in *Toyukak v. Treadwell*, she represented the State of Alaska in *McKay v. Parnell* in 2014, and helped represent the State of Alaska in 2016 during the trial of Nageak v. Mallott. Plaintiff refers to representation of the "Parnell administration," when she means the State of Alaska. All remaining allegations stated in paragraph 21 of Plaintiff's complaint are denied.

22. Bakalar overstates her involvement in the outcome of cases cited in paragraph 22 as solely stemming from her own work and fails to identify the other assistant attorneys general who participated in or helped with the trial and/or appeals of the named cases. She further overstates her work on these cases: for example, in *Hughes v. Treadwell*, 341 P.3d 1121 (Alaska 2015) the published opinion notes the "nonparticipation filed by Elizabeth M. Bakalar, Assistant Attorney General…." All remaining allegations stated in paragraph 22 of Plaintiff's complaint are denied.

23. Bakalar was obligated to be impartial when performing legal work for the Division of Elections on initiatives, ballot measures, referendums, and recalls. The work called for Bakalar to present herself as impartial or risk losing the confidence of the public. All remaining allegations in paragraph 23 of Plaintiff's complaint are denied.

24. Defendants admit that Bakalar has a blog entitled "One Hot Mess Alaska". Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 24 of Plaintiff's complaint and those allegations are therefore denied.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)  Page 4 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 4 of 14

25. Defendants admit that Plaintiff addressed a variety of topics in her blog. All remaining allegations stated in paragraph 25 of Plaintiff's complaint are denied.

26. Defendants admit that Plaintiff addressed a variety of topics in her blog. All remaining allegations stated in paragraph 26 of Plaintiff's complaint are denied.

27. Defendants lack sufficient knowledge and information from which to form a belief as to the truth of Plaintiff's allegations about the quantity of her participation in rallies or public gatherings and those allegations are therefore denied. All remaining allegations in paragraph 27 of Plaintiff's complaint are denied.

28. Defendants admit that Bakalar was politically active and "outspoken." Defendants deny the remaining allegations in paragraph 28 of Plaintiff's complaint.

29. Defendants deny that Bakalar's opinions in no way interfered with the discharge of her duties and responsibilities as assistant attorney general. Defendants deny the remaining allegations in paragraph 29 of Plaintiff's complaint and therefore deny those allegations.

30. Defendants admit the existence of the website "Ethics and One Hot Mess Alaska" and the website's author's words speak for themselves. Defendants deny all remaining allegations stated in Paragraph 30 of Plaintiff's complaint.

31. The website's author's words speak for themselves. Defendants deny all remaining allegations in paragraph 31 of Plaintiff's complaint.

32. Defendants deny any responsibility for or involvement in the referenced blog. Defendants admit that Ms. Stroup voiced complaints to the State of Alaska in regards to Bakalar. All remaining allegations stated in paragraph 32 of Plaintiff's complaint are denied.

33. Defendants admit that Ms. Stroup complained about Bakalar in 2017. The State of Alaska admits it investigated Bakalar for a potential violation of the Executive Ethics Act in 2017. All remaining allegations stated in paragraph 33 of Plaintiff's complaint are denied.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)  Page 5 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 5 of 14

34. Defendants admit that the State of Alaska hired outside counsel to investigate the potential violation of the Executive Ethics Act in 2017. All remaining allegations in paragraph 34 of Plaintiff's complaint are denied.

35. Defendants admit that in 2017 the State of Alaska hired an outside attorney, William J. Evans from the firm Sedor, Wendlandt, Evans & Filippi, LLC to investigate the potential violation of the Executive Ethics Act and that this attorney prepared a written report. The report speaks for itself. All remaining allegations stated in paragraph 35 of Plaintiff's complaint are denied.

36. Defendants admit the allegations in paragraph 36 of Plaintiff's complaint.

37. Defendants admit that Tuckerman Babcock formerly served as the Chair of the Alaska Republican Party from April 30, 2016 to November 8, 2018. This allegation is irrelevant to the claims made herein. All remaining allegations stated in paragraph 37 of Plaintiff's complaint are denied.

38. Defendants admit the role of the Chair of the Alaska Republican Party is, in part, to help promote Republican candidates for office and get candidates elected, but deny that was his "primary" role. This allegation is irrelevant to any claim made herein and all remaining allegations stated in paragraph 38 of Plaintiff's complaint are denied.

39. Defendants deny that the allegation in paragraph 39 of Plaintiff's complaint is an accurate representation of Tuckerman Babcock's positions or that the allegation has any relevance to the claims made herein. All remaining allegations stated in paragraph 39 of Plaintiff's complaint are denied.

40. Defendants deny that the allegation in paragraph 40 of Plaintiff's complaint is an accurate representation of Tuckerman Babcock's positions or that the allegation has any relevance to the claims made herein. All remaining allegations stated in paragraph 40 of Plaintiff's complaint are denied.

41. Defendants admit that Tuckerman Babcock sent employees a memorandum, which speaks for itself, requesting letters of resignation. All remaining allegations stated in paragraph 41 of Plaintiff's complaint are denied.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 6 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 6 of 14

42. Plaintiff selectively quoted from a letter. The letter speaks for itself. The Defendants disagree with the characterization that the request for resignations was unprecedented and therefore deny the same. All remaining allegations stated in paragraph 42 of Plaintiff's complaint are denied.

43. Plaintiff quoted from a newspaper article that reported Defendant Babcock was questioned about the memorandum, but the quote is selective, as noted by the ellipses, and therefore not a complete or accurate representation of his comments. All remaining allegations stated in paragraph 43 of Plaintiff's complaint are denied.

44. Defendants deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance." All remaining allegations stated in paragraph 44 of Plaintiff's complaint are denied.

45. Plaintiff quoted from a newspaper article. Defendants deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance." All remaining allegations stated in paragraph 45 of Plaintiff's complaint are denied.

46. Plaintiff selectively quoted from a newspaper article, as noted by the use of ellipses, and therefore the selected quote does not represent a complete or accurate representation of his comments. All remaining allegations stated in paragraph 46 of Plaintiff's complaint are denied.

47. Plaintiff selectively quoted from the memorandum sent to all at-will employees. The memo speaks for itself. All remaining allegations stated in paragraph 47 of Plaintiff's complaint are denied.

48. Defendants admit that a deadline of November 30, 2018 was set for at-will employees to submit their resignations. Defendants deny that the memorandum was intended to request resignations for the purpose of soliciting "a statement of allegiance." All remaining allegations stated in paragraph 48 of Plaintiff's complaint are denied.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 7 of 14

Case 3:19-cv-00025-JWS Document 39 Filed 09/17/19 Page 7 of 14

49. Defendants admit that at-will attorneys at the Department of Law received the memorandum requesting a resignation letter be submitted. All remaining allegations stated in paragraph 49 of Plaintiff's complaint are denied.

50. Defendants admit that former Attorney General Jahna Lindemuth drafted a template for the assistant attorney generals to use if they wished. Moreover, the quotation from the template is selective. All remaining allegations stated in paragraph 50 of Plaintiff's complaint are denied.

51. Defendants admit that Bakalar submitted a resignation prior to the established deadline, and that she included some of the language from the template circulated by Jahna Lindemuth, but Bakalar added her own comments. All remaining allegations stated in paragraph 51 of Plaintiff's complaint are denied.

52. Defendants admit paragraph 52 of Plaintiff's complaint.

53. Defendants admit paragraph 53 of Plaintiff's complaint.

54. Defendants admit that Bakalar's resignation was accepted at Defendant Babcock's direction. All remaining allegations in paragraph 54 of Plaintiff's complaint are denied.

55. Defendants decline, pursuant to Alaska law, to discuss personnel matters of non-parties in a public pleading without a protective order in place, and therefore will not discuss an employee's work performance. Defendants deny all remaining allegations in paragraph 55 of Plaintiff's complaint.

56. Defendants lack sufficient information to admit or deny these allegations, and therefore deny the allegations in paragraph 56 of Plaintiff's complaint.

57. Defendants lack sufficient knowledge and information to enable them to determine the truth or falsity of these allegations, and therefore deny the allegations.

58. Defendants deny any responsibility or involvement in the referenced blog. All remaining allegations in paragraph 58 of Plaintiff's complaint are denied.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 8 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 8 of 14

59. Defendants lack sufficient knowledge or information from which to determine the truth or falsity of the allegations stated in paragraph 59 of the complaint and those allegations are therefore denied.

60. Defendants admit that Bottstein submitted a resignation. Except as expressly so stated, Defendants deny the allegations in paragraph 60 of Plaintiff's complaint.

61. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 61 of Plaintiff's complaint.

62. Plaintiff references a public news story in paragraph 62 of Plaintiff's complaint, and while Defendants disagree with her characterization, there is no need to admit or deny the selective quotes contained in this paragraph, since the news story speaks for itself. Any inferences are, however, denied.

63. Plaintiff references a public news story in paragraph 63 of Plaintiff's complaint, and while Defendants disagree with her characterization, there is no need to admit or deny the selective quotes contained in this paragraph, since the news story speaks for itself. Any inferences are, however, denied.

64. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 64 of Plaintiff's complaint.

65. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 65 of Plaintiff's complaint.

66. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 66 of Plaintiff's complaint.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)    Page 9 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 9 of 14

67. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 67 of Plaintiff's complaint.

68. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and deny that the resignation request was for the purpose of soliciting "a pledge of allegiance." One or more employees may have been a policymaker and therefore Defendants deny the remaining allegations in paragraph 68 of Plaintiff's complaint.

69. Defendants decline, pursuant to Alaska law, to discuss potential personnel matters of a non-party in a public pleading without a protective order in place, and therefore deny the allegations in paragraph 69 of Plaintiff's complaint.

### Response to First cause of action: 42 USC 1983
### Violation of Right to Freedom of Speech Under the
### First Amendment of the U.S. Constitution

70. This paragraph sets forth legal conclusions and questions of law to which no response is required.

71. This paragraph sets forth legal conclusions and questions of law to which no response is required.

72. Defendants deny the allegation in paragraph 72 of Plaintiff's complaint.

73. Defendants deny the allegations of paragraph 73 of Plaintiff's complaint.

74. Defendants admit that the State of Alaska received complaints about Bakalar's actions. All remaining allegations in paragraph 74 of Plaintiff's complaint are denied.

75. Plaintiff has attempted to quantify the differences of opinion between her and the Individual Defendants regarding political beliefs, and since that quantification is presently unknown, the allegations in paragraph 75 of Plaintiff's complaint are denied.

76. Defendants deny the allegation in paragraph 76 of Plaintiff's complaint.

77. Defendants deny the allegation in paragraph 77 of Plaintiff's complaint.

78. Defendants deny the allegation in paragraph 78 of Plaintiff's complaint.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 10 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 10 of 14

79. Defendants deny the allegation in paragraph 79 of Plaintiff's complaint.

80. Defendants deny the allegation in paragraph 80 of Plaintiff's complaint.

**Response to Second Cause of Action: Violation of the
Right to Freedom of Speech Under Article I §5 of the Alaska Constitution**

81. This paragraph sets forth legal conclusions and questions of law to which no response is required.

82. Paragraph 82 of Plaintiff's complaint states matters of law which require no answer.

83. Defendants deny the allegations in paragraph 83 of Plaintiff's complaint.

84. Defendants deny the allegations in paragraph 84 of Plaintiff's complaint.

85. The State of Alaska was aware of multiple complaints about Plaintiff. All remaining allegations stated in paragraph 85 of the Complaint are denied.

86. Plaintiff has attempted to quantify the differences of opinion between her and the Individual Defendants regarding political beliefs, and since that quantification is presently unknown, the allegations in paragraph 86 of Plaintiff's complaint are denied.

87. Defendants deny the allegations in paragraph 87 of Plaintiff's complaint.

88. Defendants deny the allegations in paragraph 88 of Plaintiff's complaint.

89. Defendants deny the allegations in paragraph 89 of Plaintiff's complaint.

By way of further answer, Alaska law has not recognized a direct tort action or an implied cause of action for a violation of the Alaska Constitution.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's complaint.

**Response to Third Cause of Action: Violation of the
Implied Covenant of Good Faith and Fair Dealing**

92. This paragraph sets forth legal conclusions and questions of law to which no response is required.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 11 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 11 of 14

93. This paragraph sets forth legal conclusions and questions of law to which no response is required.

94. This paragraph sets forth legal conclusions and questions of law to which no response is required.

95. This paragraph sets forth legal conclusions and questions of law to which no response is required.

96. This paragraph sets forth legal conclusions and questions of law to which no response is required.

97. This paragraph sets forth legal conclusions and questions of law to which no response is required.

98. This paragraph sets forth legal conclusions and questions of law to which no response is required.

99. This paragraph sets forth legal conclusions and questions of law to which no response is required. Defendants are unaware of what Bakalar's "understanding" was at the time of her hiring and therefore deny this allegation.

100. Defendants deny the allegation in paragraph 100 of Plaintiff's complaint.

101. Defendants deny the allegation in paragraph 101 of Plaintiff's complaint.

102. Defendants deny the allegation in paragraph 102 of Plaintiff's complaint.

103. Defendants deny the allegation in paragraph 103 of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendants assert the following affirmative defenses:

1. Plaintiff has intentionally sought media attention to bolster her claims, and has thereby caused, in whole or in part, her own damages.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)　　　　　Page 12 of 14

Case 3:19-cv-00025-JWS　Document 39　Filed 09/17/19　Page 12 of 14

3. The damages alleged by Plaintiff, if any, were directly and legally caused by her own conduct constituting comparative negligence, and damages, if any, must be proportionately reduced according to AS 09.17.080.

4. Plaintiff's claims are void being in violation of public policy.

5. Defendants are entitled to the benefits of AS 09.17.010 et seq.

6. Plaintiff has failed to mitigate her damages as required by law.

7. Defendants are entitled to discretionary and absolute immunity.

8. Defendants are entitled to qualified immunity.

9. Defendants' actions are protected by executive privilege.

10. Alaska law has not recognized a direct tort action or an implied cause of action for a violation of the Alaska Constitution.

11. Discovery of evidence after Plaintiff filed this case is of such severity that it is sufficient to discipline and/or terminate Plaintiff on those grounds alone and/or cut off her alleged damages as of the date of discovery.

12. Plaintiff does not have standing to bring a direct tort under the Alaska Constitution.

13. Plaintiff has misinterpreted Alaska statutes.

14. Defendants had a privilege to take the actions complained of above.

15. Plaintiff has failed to provide a reason under Monell to sue the State or Governor in his official capacity, and the claim should be dismissed.

16. Plaintiff has failed to retain necessary documents, including social media posts, and potentially engaged in spoliation of evidence.

17. Defendants reserve the right to add any and all other affirmative defenses as may be revealed by further investigation and discovery.

Wherefore, having fully answered Plaintiff's complaint herein, Defendants requests that the complaint in its entirety be dismissed with prejudice, that Defendants be

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 13 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 13 of 14

awarded costs and attorney fees incurred in the defense of the complaint, and that the Court award such other and further relief as is just and appropriate under the circumstances.

DATED this 17th day of September, 2019.

>LANE POWELL LLC
>Attorneys for Defendants
>
>By  s/ Brewster H. Jamieson
>    Brewster H. Jamieson, ABA No. 8411122
>    Peter C. Partnow, ABA No. 7206029
>    Michael B. Baylous, ABA No. 0905022

I certify that on September 17, 2019, a copy of the foregoing was served electronically on:

Stephen Koteff, skoteff@acluak.org
Joshua Decker, jdecker@acluak.org

s/ Brewster H. Jamieson

026822.0004/7764743.2

Amended Answer for All Defendants
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)　　　Page 14 of 14

Case 3:19-cv-00025-JWS   Document 39   Filed 09/17/19   Page 14 of 14