Brewster H. Jamieson, ABA No. 8411122
Peter C. Partnow, ABA No. 7206029
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3325
           907-264-3317
           907-264-3303
Facsimile: 907-276-2631
Email:     jamiesonb@lanepowell.com
           partnowp@lanepowell.com
           baylousm@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>         Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>         Defendants. | Case No. 3:19-cv-00025-JWS<br><br><br><br>**STIPULATED<br>PROTECTIVE ORDER** |

    The preparation for trial of this action will require the discovery of documents, information, and other material claimed to contain confidential information. The parties agree, on a limited basis, to allow for the production of these confidential documents without any precedential position being taken by any party with respect to the production of the documents. Under the circumstances, the parties agree that a protective order should be issued setting forth procedures for and rules governing the discovery and use of such documents, information, and other material. The protective order is intended to preserve

the confidentiality of the parties' business and personal records and information, proprietary material, the confidentiality and privacy of information and documents relating to third parties, and trade secrets, as to any outside persons or entities and to confine the use of the documents to the scope of the lawsuits related to the above-captioned matter.

Therefore, the parties stipulate as follows:

1. <u>"Confidential" Documents and Information</u>. Any party or non-party may designate as "Confidential" (by marking the relevant page as set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain confidential, proprietary, or private information. Such materials may include, but are not limited to, personnel records and medical records (including such records pertaining to third parties), internal reports and communications, policies, manuals, training materials, and investigative procedures for claims and other internal documents of the State of Alaska.

2. <u>Designation of Confidential Documents and Information</u>. Due to potential overlap of issues and discovery topics between this lawsuit and *Blanford and Bellville v. Dunleavy, et al.*, Case No. 3:19-cv-00036 JWS ("*Blanford/Bellville*"), three "Confidential" marks will be utilized. Documents and information marked "Confidential" can be disclosed to individuals and entities described in Paragraph 4 of this Order and the *Blanford/Bellville* Protective Order and can be used for prosecuting, defending, or attempting to settle this lawsuit or the *Blanford/Bellville* lawsuit. Documents and information marked "Confidential - Bakalar" can only be disclosed to individuals and entities described in Paragraph 4 of this Order and can only be used for prosecuting, defending, or attempting to settle this lawsuit. Documents and information marked "Confidential - Blanford/Bellville" can only be disclosed to individuals and entities described in Paragraph 4 of the *Blanford/Bellville* Protective Order and can only be utilized for prosecuting, defending, or attempting to settle the *Blanford/Bellville* lawsuit.

3. <u>Scope of "Confidential" Designation</u>. The special treatment accorded the documents and information designated "Confidential" under this Order shall reach:

(a) All documents and information previously or hereafter designated "Confidential";

(b) All copies, extracts, and complete or partial summaries prepared from such documents or information;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents or information, or any copies, extracts or summaries of the same; and

(d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents or information, or any copies, extracts or summaries of the same.

4. <u>Restrictions on Disclosure of "Confidential" Documents and Information</u>. Except with written prior consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents and information designated "Confidential," and all information contained in them or derived from them, may not be disclosed to any person other than:

(a) The parties to this litigation;[1]

(b) Counsel for the parties in this suit;

---

[1] Disclosure to the State of Alaska of Confidential materials will be limited to: (1) the Governor's Chief of Staff, currently Ben Stevens; (2) the Attorney General, currently Kevin Clarkson; (3) the Attorney General's Chief of Staff, currently Ed Sniffen; (4) the Attorney General's Executive Secretary, currently Ninia Dizon; (5) Deputy Attorney Generals, including Treg Taylor and Ed Sniffen; (6) Special Assistant Attorney Generals, including Charlotte Rand and Sharla Mylar; and (7) an Assistant Attorney General representing the Department of Health and Social Services, currently Stacie Kraly. If disclosure of Confidential material to others is reasonably necessary for defense of this case, then counsel for the State of Alaska will notify Plaintiff's counsel, by email, of the name and the position of such person. If Plaintiff's counsel objects to disclosure to such person, then Plaintiff's counsel will have seven business days after email notice is sent to seek an order from the Court restricting or limiting disclosure of Confidential materials to such person.

(c) Employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning this suit;

(e) Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit; and

(f) Vendors retained by counsel to assist in the duplication of confidential materials or in the processing of electronically stored information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all original and copies of any confidential materials or information.

Before disclosure of any Confidential Material is made to any individual pursuant to Paragraph 3(d) or (e) of this Order, such individual shall execute the Certification attached hereto as Exhibit A. This written agreement to be bound shall be deemed work product and the party that obtains the agreement shall retain it for the duration of this case.

5. <u>Review of Own "Confidential" Documents and Information</u>. The restrictions of this Order shall not apply to parties or nonparties, and their employees, attorneys, experts or their authorized agents, when reviewing their own "Confidential" documents or information.

6. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.

7. <u>Use of "Confidential" Documents at Depositions</u>. Documents and information designated "Confidential," and all information contained in them or derived from them, may be used or referred to at depositions, not just deposition exhibits, in accordance with the provisions of this Order. Any "Confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" documents or other information at a

deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

8. <u>Designating Portions of Deposition Transcripts Confidential</u>. Any party or nonparty may, within thirty (30) days after receiving notice from the court reporter of the availability of a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." At the deposition, the parties will attempt in good faith to preliminarily identify and designate "Confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony shall be so designated by referencing or underlining only the lines containing confidential information and stamping the pages on which such lines appear as "Confidential." Confidential exhibits may be so designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it that are not otherwise public and that contain confidential information, will be treated as confidential under the provisions of this Order. If no party or nonparty timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" under the provisions of this Order.

9. <u>Challenging Confidential Designation</u>. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

Notwithstanding any challenge to the designation of material as Confidential, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential withdraws such designation in writing;

    (b) the party or non-party who claims that the material is Confidential fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not Confidential.

10. <u>Use of "Confidential" Documents and Information in Court</u>. Documents and information designated "Confidential" may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court as long as such discussion or reference does not have the effect of disclosing information that is confidential. Otherwise, the following provisions shall apply:

    (a) A party that files with the Court, or seeks to use at trial or other appearance before the Court, materials designated as Confidential, and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to D.Ak. LR 5.4(a); or

    (b) A party that intends to file with the Court, or seeks to use at trial or other appearance before the Court, materials designated as Confidential and who does not intend to have the record containing such information sealed, shall, at least ten (10) business days prior to the filing or use of the Confidential information, give notice to all other parties, and to any non-party that designated the materials as Confidential pursuant to this Order, of the submitting party's intention to file or use the Confidential information, including specific identification of the Confidential information. Any affected party or non-party may then file a motion to seal, pursuant to D.Ak. LR 5.4(a).

11. <u>Litigation Use Only</u>. All "Confidential" documents and information produced in this lawsuit, whether by a party or nonparty, and whether pursuant to court order,

subpoena, agreement or otherwise, and all information contained in them or derived from them, shall be used solely, consistent with the "Confidential" designations described in Paragraph 2, for prosecuting, defending, or attempting to settle this lawsuit or the *Blanford/Bellville Lawsuit* (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental, or commercial.

12. <u>Non-Termination and Return of Documents</u>. The provisions of this Order shall continue to apply to all "Confidential" documents and information after this suit has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" documents to the producing party, as well as all copies, extracts and summaries of them. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

13. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall:

(a) Operate as an admission by any party that a particular document or information is, or is not, confidential;

(b) Operate as an admission by any party that a particular document is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

14. <u>Interim Protection</u>. "Confidential" documents and information produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court, including but not limited to all documents and information which the producing party stated in discovery responses would be produced or provide subject to a mutually agreed-to protective order, shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

15. <u>Inadvertent Production.</u> Inadvertent failure to designate "Confidential" documents shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the other parties promptly upon discovery of the failure to designate.

16. *Further Protective Orders.* This Order shall be without prejudice to the right of any party to apply to the Court for such further protective orders as justice may require.

STIPULATED AND AGREED:

|  |  |
|---|---|
|  | ACLU OF ALASKA FOUNDATION<br>Attorneys for Plaintiff |
| Dated: December 6, 2019 | By  s/ Stephen Koteff (w/consent)<br>   Stephen Koteff, ABA No. 9407070<br>   Joshua A. Decker, ABA No. 1201001 |
|  | LANE POWELL LLC<br>Attorneys for Defendants |
| Dated: December 6, 2019 | By  s/ Brewster H. Jamieson<br>   Brewster H. Jamieson, ABA No. 8411122<br>   Michael B. Baylous, ABA No. 0905022 |

## **ORDER**

ORDERED this ____ day of _____, 2019.

_____
Senior Judge John W. Sedwick
United States District Court

I certify that on December 6, 2019, a copy of
the foregoing was served electronically on:

Stephen Koteff, skoteff@acluak.org
Joshua Decker, jdecker@acluak.org

s/ Brewster H. Jamieson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>    Defendants. | Case No. 3:19-cv-00025-JWS |

**EXHIBIT A**
**CERTIFICATION OF ACKNOWLEDGEMENT AND CONSENT**

I hereby certify that: (1) I have read the Stipulated Confidentiality Agreement and Protective Order (the "Order") that has been entered by the Court in this case and understand its terms; (2) I understand that information and documents designated as Confidential Material under the Order are being provided to me pursuant to the terms of the Order; (3) I agree to be bound by the terms of this Order, including its provisions limiting the use of such Confidential Material to this litigation and the requirement that all Confidential Material be returned or destroyed within sixty (60) days after final resolution of this litigation, including any appeal thereof; and (4) I hereby submit to the jurisdiction of the above-referenced Court for purpose of enforcement of this Order.

Dated: _____     Signature:_____