Brewster H. Jamieson, ABA No. 8411122
Peter C. Partnow, ABA No. 7206029
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3325
 907-264-3317
 907-264-3303
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
 partnowp@lanepowell.com
 baylousm@lanepowell.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR,<br><br>                  Plaintiff,<br><br>v.<br><br>MICHAEL J. DUNLEAVY; in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA,<br><br>                  Defendants. | Case No. 3:19-cv-00025-JWS<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES <u>AND INJUNCTIVE RELIEF</u>** |

Defendants Michael J. Dunleavy ("Governor Dunleavy"), Tuckerman Babcock ("Babcock"), and State of Alaska (collectively, the "Defendants") respond to the First Amended Complaint for Damages and Injunctive Relief (the "Complaint"), filed by Plaintiff Elizabeth Bakalar ("Bakalar"), as follows:

**RESPONSE TO BAKALAR'S INTRODUCTION**

1.  Defendants admit that Bakalar has brought this action and asserted claims related to free speech under the United States and Alaska Constitutions. Except as expressly admitted, Defendants deny allegations of this paragraph.

2. Defendants admit that Bakalar blogs about politics on her site: "One Hot Mess Alaska." Except as expressly admitted, Defendants deny allegations of this paragraph.

3. Defendants admit that Bakalar worked as an assistant attorney general for the State of Alaska for over twelve years and that she was recognized for her work. Except as expressly admitted, Defendants deny allegations of this paragraph.

4. Defendants deny allegations of this paragraph.

5. Defendants deny allegations of this paragraph.

## JURISDICTION AND VENUE

6. Defendants admit that the federal court has jurisdiction regarding the subject matter in the Complaint for all the reasons set forth in the Notice of Removal. Except as expressly admitted, Defendants deny allegations of this paragraph.

7. Defendants admit that venue in Alaska federal court is appropriate for all the reasons set forth in the Notice of Removal. Except as expressly admitted, Defendants deny allegations of this paragraph.

## PARTIES

8. Defendants admit allegations of this paragraph.

9. Defendants admit that Michael J. Dunleavy is the Governor of the State of Alaska, that he is a resident of the State of Alaska, and that he has been sued in his official and individual capacities. Defendants admit that Governor Dunleavy was involved in the process of asking at-will State of Alaska employees to submit letters of resignation. Except as expressly admitted, Defendants deny allegations of this paragraph.

10. Defendants admit that Babcock was the Chief of Staff for Governor Dunleavy, that he is a resident of the State of Alaska, and that he was chair of Governor Dunleavy's transition team. Defendants admit that Governor Dunleavy was elected November 6, 2018. Defendants admit that Babcock has been sued in his individual capacity. Defendants admit that Babcock was involved in the decision to accept

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)                                      Page 2 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 2 of 16

Bakalar's letter of resignation. Except as expressly admitted, Defendants deny allegations of this paragraph.

11. Defendants admit allegations of this paragraph.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Defendants admit allegations of this paragraph.

13. Defendants admit allegations of this paragraph.

14. Defendants admit that Bakalar was moved to the classification of Attorney III in 2009, and that she has quoted a portion of her overall performance evaluation. Except as expressly admitted, Defendants deny allegations of this paragraph.

15. Defendants admit that Bakalar was transferred to the Labor and State Affairs section in August 2011 (not April 2011) and was assigned as an assistant attorney general to impartially represent the Division of Elections and the Lieutenant Governor in his duties to oversee the state election laws and ensure uniform implementation of those laws throughout the State of Alaska, qualify candidates and ballot initiatives, the state voter pamphlet, and maintain voter registration records, as well as other duties. Except as expressly admitted, Defendants deny allegations of this paragraph.

16. Defendants admit that Bakalar was moved to the classification of Attorney IV and that Bakalar has quoted a portion of her overall performance evaluation. Except as expressly admitted, Defendants deny allegations of this paragraph.

17. Defendants admit that Bakalar represented multiple agencies while she was employed as an assistant attorney general. Except as expressly admitted, Defendants deny allegations of this paragraph.

18. Defendants admit allegations of this paragraph.

19. Defendants admit that Bakalar was promoted to the classification of Attorney V. Except as expressly admitted, Defendants deny allegations of this paragraph.

20. Defendants admit that as part of Bakalar's duties as an assistant attorney general, Bakalar was one of several attorneys assigned in 2013 to represent the State of

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 3 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 3 of 16

Alaska in *Toyukak v. Treadwell*, she represented the State of Alaska in *McKay v. Parnell* in 2014, and helped represent the State of Alaska in 2016 during the trial of *Nageak v. Mallott*. Bakalar refers to representation of the "Parnell administration," when she means the State of Alaska. Except as expressly admitted, Defendants deny allegations of this paragraph.

21. Bakalar overstates her involvement in the outcome of cases cited in this paragraph as solely stemming from her own work and fails to identify the other assistant attorneys general who participated in or helped with the trial and/or appeals of the named cases. She further overstates her work on these cases: for example, in *Hughes v. Treadwell*, 341 P.3d 1121 (Alaska 2015) the published opinion notes the "nonparticipation filed by Elizabeth M. Bakalar, Assistant Attorney General…." Except as expressly admitted, Defendants deny allegations of this paragraph.

22. Defendants deny allegations of this paragraph.

23. Defendants deny allegations of this paragraph.

24. Defendants admit that Bakalar was charged with working individual cases and that she had a supervisor. Except as expressly admitted, Defendants deny allegations of this paragraph.

25. Defendants admit that attorneys in the Department of Law must collaborate with clients and other attorneys before disqualifying a judge, seeking Civil Rule 11 relief, or filing an appeal. Defendants also admit that budgetary constraints require limitation and oversight of employee travel and supply usage. Except as expressly admitted, Defendants deny allegations of this paragraph.

26. Bakalar was obligated to be impartial when performing legal work for the Division of Elections on initiatives, ballot measures, referendums, and recalls. The work called for Bakalar to present herself as impartial or risk losing the confidence of the public. Except as expressly admitted, Defendants deny allegations of this paragraph.

27. Defendants admit that Bakalar has a blog titled "One Hot Mess Alaska." Defendants lack knowledge and information sufficient to admit or deny remaining

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 4 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 4 of 16

allegations of this paragraph. Except as expressly admitted, Defendants deny allegations of this paragraph.

28. Defendants admit that Bakalar addressed a variety of topics in her blog. Except as expressly admitted, Defendants deny allegations of this paragraph.

29. Defendants admit that Bakalar addressed a variety of topics in her blog. Except as expressly admitted, Defendants deny allegations of this paragraph.

30. Defendants lack knowledge and information sufficient to admit or deny allegations of this paragraph, and therefore deny them.

31. Defendants admit that Bakalar was politically active and "outspoken." Except as expressly admitted, Defendants deny allegations of this paragraph.

32. Defendants deny that Bakalar's opinions in no way interfered with the discharge of her duties and responsibilities as assistant attorney general. Except as expressly admitted, Defendants deny allegations of this paragraph.

33. Defendants admit the existence of the website "Ethics and One Hot Mess Alaska" and the website's author's words speak for themselves. Except as expressly admitted, Defendants deny allegations of this paragraph.

34. The website's author's words speak for themselves. Except as expressly admitted, Defendants deny allegations of this paragraph.

35. Defendants deny any responsibility for or involvement in the referenced blog. Defendants admit that Nancy Driscoll Stroup voiced complaints to the State of Alaska in regards to Bakalar. Except as expressly admitted, Defendants deny allegations of this paragraph.

36. Defendants admit that in 2017 Stroup complained about Bakalar and Bakalar was investigated for potential violation of the Executive Ethics Act. Except as expressly admitted, Defendants deny allegations of this paragraph.

37. Defendants admit that in 2017 the State of Alaska hired outside counsel to investigate the potential violation of the Executive Ethics Act. Except as expressly admitted, Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)     Page 5 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 5 of 16

38.     Defendants admit that, in 2017, the State of Alaska hired an outside attorney, William J. Evans from the firm Sedor, Wendlandt, Evans & Filippi, LLC, to investigate the potential violation of the Executive Ethics Act and that this attorney prepared a written report.  The report speaks for itself.  Except as expressly admitted, Defendants deny allegations of this paragraph.

39.     Defendants admit allegations of this paragraph.

40.     Defendants admit that Babcock formerly served as the Chair of the Alaska Republican Party from April 30, 2016 to November 8, 2018.  This allegation is irrelevant to the claims made herein.  Except as expressly admitted, Defendants deny allegations of this paragraph.

41.     Defendants admit the role of the Chair of the Alaska Republican Party is, in part, to help promote Republican candidates for office and get candidates elected, but deny that was its "primary" role.  This allegation is irrelevant to any claim made herein.  Except as expressly admitted, Defendants deny allegations of this paragraph.

42.     Defendants deny allegations of this paragraph.

43.     Defendants deny allegations of this paragraph.

44.     Defendants admit that Babcock sent employees a memorandum, which speaks for itself, requesting letters of resignation.  Except as expressly admitted, Defendants deny allegations of this paragraph.

45.     This paragraph selectively quotes from a letter.  Defendants admit the letter speaks for itself.  Defendants disagree with the characterization that the request for resignations was unprecedented and therefore deny the same.  Except as expressly admitted, Defendants deny allegations of this paragraph.

46.     This paragraph quotes from a newspaper article that reported Babcock and Governor Dunleavy answered questions about the memorandum.  Defendants deny that the newspaper article contains a complete and accurate recitation of Governor Dunleavy or Babcock's comments, deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance," and deny that Governor Dunleavy

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)         Page 6 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 6 of 16

or Babcock sought an allegiance or loyalty pledge. Defendants thus deny allegations of this paragraph.

47. This paragraph quotes from a newspaper article that reported Babcock and Governor Dunleavy answered questions about the memorandum. Defendants deny that the newspaper article contains a complete and accurate recitation of Governor Dunleavy or Babcock's comments, deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance," and deny that Governor Dunleavy or Babcock sought an allegiance or loyalty pledge. Defendants thus deny allegations of this paragraph.

48. This paragraph quotes from a newspaper article that reported Babcock and Governor Dunleavy answered questions about the memorandum. Defendants deny that the newspaper article contains a complete and accurate recitation of Governor Dunleavy or Babcock's comments, deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance," and deny that Governor Dunleavy or Babcock sought an allegiance or loyalty pledge. Defendants thus deny allegations of this paragraph.

49. This paragraph quotes from a newspaper article that reported Babcock and Governor Dunleavy answered questions about the memorandum. Defendants deny that the newspaper article contains a complete and accurate recitation of Governor Dunleavy or Babcock's comments, deny that the memorandum was intended to request resignations for the purpose of soliciting "a pledge of allegiance," and deny that Governor Dunleavy or Babcock sought an allegiance or loyalty pledge. Defendants thus deny allegations of this paragraph.

50. This paragraph selectively quotes from the memorandum sent to all at-will employees. Defendants admit that the memorandum speaks for itself. Except as expressly admitted, Defendants deny allegations of this paragraph.

51. Defendants deny that Bakalar had a "job as a non-policy making attorney," and therefore deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 7 of 16

Case 3:19-cv-00025-JWS Document 55 Filed 11/16/20 Page 7 of 16

52. Defendants deny allegations of this paragraph.

53. Defendants deny allegations of this paragraph.

54. Defendants admit that a deadline of November 30, 2018 was set for at-will employees to submit their resignations. Defendants deny that the memorandum was intended to request resignations for the purpose of soliciting "a statement of allegiance." Except as expressly admitted, Defendants deny allegations of this paragraph.

55. Defendants admit that at-will attorneys at the Department of Law received the memorandum requesting a resignation letter be submitted. Except as expressly admitted, Defendants deny allegations of this paragraph.

56. Defendants admit that former Attorney General Jahna Lindemuth drafted a template for the assistant attorney generals to use if they wished. Moreover, the quotation from the template is selective. Except as expressly admitted, Defendants deny allegations of this paragraph.

57. Defendants admit that Bakalar submitted a resignation prior to the established deadline, and that she included some of the language from the template circulated by Jahna Lindemuth, but Bakalar added her own comments. Except as expressly admitted, Defendants deny allegations of this paragraph.

58. Defendants admit allegations of this paragraph.

59. Defendants admit allegations of this paragraph.

60. Defendants admit that Bakalar's resignation was accepted at Babcock's direction. Except as expressly admitted, Defendants deny allegations of this paragraph.

61. Defendants decline, pursuant to Alaska law, to discuss personnel matters of non-parties, and therefore will not discuss a non-party employee's work performance. Defendants deny allegations of this paragraph.

62. Defendants lack knowledge and information sufficient to admit or deny allegations of this paragraph, and therefore deny them.

63. Defendants lack knowledge and information sufficient to admit or deny allegations of this paragraph, and therefore deny them.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS) Page 8 of 16

Case 3:19-cv-00025-JWS Document 55 Filed 11/16/20 Page 8 of 16

64. Defendants lack knowledge and information sufficient to admit or deny allegations of this paragraph, and therefore deny them. Defendants further deny any responsibility or involvement with the referenced blog.

65. Defendants lack knowledge and information sufficient to admit or deny allegations of this paragraph, and therefore deny them.

66. Defendants admit that Botstein submitted a resignation. Except as expressly admitted, Defendants deny allegations of this paragraph.

67. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations of this paragraph.

68. Bakalar references a public news story in this paragraph, and while Defendants disagree with her characterization, there is no need to admit or deny the selective quotes contained in this paragraph, since the news story speaks for itself. Any inferences are, however, denied.

69. Bakalar references a public news story in this paragraph, and while Defendants disagree with her characterization, there is no need to admit or deny the selective quotes contained in this paragraph, since the news story speaks for itself. Any inferences are, however, denied.

70. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations in this paragraph.

71. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations in this paragraph.

72. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations in this paragraph.

73. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations of this paragraph.

74. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party. Defendants deny that the resignation request was for the purpose of

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 9 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 9 of 16

soliciting "a pledge of allegiance." One or more employees may have been a policymaker and therefore Defendants deny allegations of this paragraph.

75. Defendants decline, pursuant to Alaska law, to discuss personnel matters of a non-party, and therefore deny allegations of this paragraph.

## FIRST CAUSE OF ACTION: 42 USC 1983

### Violation of Right to Freedom of Speech Under the First Amendment to the United States Constitution

76. Admitted or denied only to the extent previously admitted or denied.

77. This paragraph partially quotes the First Amendment of the United States Constitution, which speaks for itself.

78. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

79. Defendants deny allegations of this paragraph.

80. Defendants deny allegations of this paragraph.

81. Defendants admit that the State of Alaska received complaints about Bakalar. Except as expressly admitted, Defendants deny allegations of this paragraph.

82. Bakalar has attempted to quantify her differences of opinion with Governor Dunleavy and Babcock regarding unspecified "political beliefs." Since that quantification is presently unknown and the "political beliefs" undescribed, Defendants deny allegations of this paragraph.

83. Defendants deny allegations of this paragraph.

84. Defendants deny allegations of this paragraph.

85. Defendants deny allegations of this paragraph.

86. Defendants deny allegations of this paragraph.

87. Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)    Page 10 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 10 of 16

## SECOND CAUSE OF ACTION

### Violation of the Right to Freedom of Speech
### Under Article I § 5 of the Alaska Constitution

88. Admitted or denied only to the extent previously admitted or denied.

89. This paragraph quotes the Alaska Constitution, which speaks for itself.

90. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

91. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

92. Defendants deny the allegations of this paragraph.

93. The State of Alaska was aware of multiple complaints about Bakalar. Except as expressly admitted, Defendants deny the allegations of this paragraph.

94. Bakalar has attempted to quantify her differences of opinion with Governor Dunleavy and Babcock regarding unspecified "political beliefs." Since that quantification is presently unknown and the "political beliefs" undescribed, Defendants deny allegations of this paragraph.

95. Defendants deny allegations of this paragraph.

96. Defendants deny allegations of this paragraph.

97. Defendants deny allegations of this paragraph.

98. Defendants deny allegations of this paragraph.

99. Defendants deny allegations of this paragraph.

## THIRD CAUSE OF ACTION

### Violation of the Implied Covenant of Good Faith and Fair Dealing

100. Admitted or denied only to the extent previously admitted or denied.

101. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)  Page 11 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 11 of 16

102. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

103. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

104. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

105. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

106. Defendants only admit that Bakalar addressed a variety of topics in her blog. This paragraph appears to sets forth legal conclusions and questions of law to which no response is required. Except as expressly admitted, Defendants deny allegations of this paragraph.

107. Defendants deny allegations of this paragraph.

108. The State of Alaska was aware of multiple complaints about Bakalar. Except as expressly admitted, Defendants deny the allegations of this paragraph.

109. Bakalar has attempted to quantify her differences of opinion with Governor Dunleavy and Babcock regarding unspecified "political beliefs." Since that quantification is presently unknown and the "political beliefs" undescribed, Defendants deny allegations of this paragraph.

110. Defendants deny allegations of this paragraph.

111. Defendants deny allegations of this paragraph.

112. Defendants deny allegations of this paragraph.

113. Defendants deny allegations of this paragraph.

114. Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)     Page 12 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 12 of 16

115. Defendants deny allegations of this paragraph.

116. Defendants deny allegations of this paragraph.

117. Defendants deny allegations of this paragraph.

118. Defendants deny allegations of this paragraph.

## FOURTH CAUSE OF ACTION

### Wrongful Discharge in Violation of Public Policy

119. Admitted or denied only to the extent previously admitted or denied.

120. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

121. The first sentence of this paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of that sentence. Defendants are unaware of Bakalar's "understanding" at the time of her hiring and therefore deny allegations of the second sentence.

122. Defendants deny allegations of this paragraph.

123. Defendants deny allegations of this paragraph.

124. Defendants deny allegations of this paragraph.

## FIFTH CAUSE OF ACTION

### Violation of Article XII, § 6 of the Alaska Constitution

125. Admitted or denied only to the extent previously admitted or denied.

126. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

127. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)   Page 13 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 13 of 16

128. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants admit only that Bakalar's employment was at-will and deny any other allegations of this paragraph.

129. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

130. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

131. This paragraph sets forth legal conclusions and questions of law to which no response is required. If response is required, Defendants deny allegations of this paragraph.

132. Defendants only admit that Bakalar's job performance was evaluated from time to time. Except as expressly admitted, Defendants deny allegations of this paragraph.

133. Defendants admit that the Department of Law considered Bakalar's work satisfactory. Except as expressly admitted, Defendants deny allegations of this paragraph.

134. Defendants admit that Bakalar was promoted from Attorney II to Attorney V during her employment with the State of Alaska. Except as expressly admitted, Defendants deny allegations of this paragraph.

135. Defendants admit that this paragraph quotes from a portion William J. Evan's March 16, 2017 Employment Investigation Report. That report speaks for itself. Except as expressly admitted, Defendants deny allegations of this paragraph.

136. Defendants deny allegations of this paragraph.

137. Defendants deny allegations of this paragraph.

138. Defendants deny allegations of this paragraph.

139. Defendants deny allegations of this paragraph.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)     Page 14 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 14 of 16

140. Defendants admit that Bakalar was a satisfactory attorney. Defendants lack knowledge and information sufficient to admit or deny allegations regarding Bakalar's intensions and feelings about her employment, and therefore deny them. Except as expressly admitted, Defendants deny allegations of this paragraph.

## INJUNCTIVE RELIEF

141. Admitted or denied only to the extent previously admitted or denied.

142. Defendants deny allegations of this paragraph.

143. Defendants' employment decisions during transition from the Walker administration to the Dunleavy administration were lawful. Thus, Defendants deny allegations of this paragraph.

## DAMAGES

144. Admitted or denied only to the extent previously admitted or denied.

145. Defendants deny allegations of this paragraph.

146. Defendants deny allegations of this paragraph.

147. Defendants deny allegations of this paragraph.

## AFFIRMATIVE DEFENSES

By way of further answer, Defendants assert the following affirmative defenses:

1. Bakalar has intentionally sought media attention to bolster her claims, and has thereby caused, in whole or in part, her own damages.

2. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3. The damages alleged by Bakalar, if any, were directly and legally caused by her own conduct constituting comparative negligence, and damages, if any, must be proportionately reduced according to AS 09.17.080.

4. Bakalar's claims are void being in violation of public policy.

5. Defendants are entitled to the benefits of AS 09.17.010 et seq.

6. Bakalar has failed to mitigate her damages as required by law.

7. Defendants are entitled to discretionary and absolute immunity.

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)  Page 15 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 15 of 16

8. Defendants are entitled to qualified immunity.

9. Defendants' actions are protected by executive privilege.

10. Alaska law has not recognized a direct tort action or an implied cause of action for a violation of the Alaska Constitution.

11. Discovery of evidence after Bakalar filed this case is of such severity that it is sufficient to discipline and/or terminate Bakalar on those grounds alone and/or cut off her alleged damages as of the date of discovery.

12. Bakalar does not have standing to bring a direct tort under the Alaska Constitution.

13. Bakalar has misinterpreted Alaska statutes.

14. Defendants had a privilege to take the actions complained of above.

15. Bakalar has failed to provide a reason under Monell to sue the State or Governor in his official capacity, and the claim should be dismissed.

16. Bakalar has failed to retain necessary documents, including social media posts, and potentially engaged in spoliation of evidence.

17. Defendants reserve the right to add any and all other affirmative defenses as may be revealed by further investigation and discovery.

Wherefore, having fully answered the Complaint, Defendants requests that the Complaint in its entirety be dismissed with prejudice, that Defendants be awarded costs and attorney fees incurred in the defense of the Complaint, and that the Court award such other and further relief as is just and appropriate under the circumstances.

DATED this 16th day of November, 2020.

I certify that on November 16, 2020, a copy of the foregoing was served electronically on:

Amanda Harber, Amanda.harber@gmail.com
Mark Choate, mark@choatelawfirm.com

s/ Brewster Jamieson

LANE POWELL LLC
Attorneys for Defendants

By  s/ Brewster H. Jamieson
    Brewster H. Jamieson, ABA No. 8411122
    Peter C. Partnow, ABA No. 7206029
    Michael B. Baylous, ABA No. 0905022

Defendants' Answer to First Amended Complaint for Damages and Injunctive Relief
*Elizabeth Bakalar v. Michael J. Dunleavy, et al.* (Case No. 3:19-cv-00025-JWS)     Page 16 of 16

Case 3:19-cv-00025-JWS   Document 55   Filed 11/16/20   Page 16 of 16