Mark C. Choate, AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (206) 424-9705
Email: lawyers@choatelawfirm.com

Amanda J. Harber, AK #1011119
P.O. Box 661
Soldotna, AK 99669
Tel: (907) 545-4435
Email: amanda@49thstatelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR, | |
| Plaintiff, | Case No. 3:19-cv-00025 JWS |
| vs. | |
| MICHAEL J. DUNLEAVY, in his individual and official capacities; TUCKERMAN BABCOCK; and the STATE OF ALASKA, | |
| Defendants. | |

**PLAINTIFF'S RULE 56(f) MOTION FOR EXTENSION**

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy, et al.* No. 3:19-cv-00025 JWS
Page 1 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Plaintiff, through counsel, the Choate Law Firm LLC, pursuant to FRCP 56(f), moves for an extension of time until June 11, 2021 to respond to Defendants' Motion for Summary Judgment. An extension is needed because there is relevant information that plaintiff needs in order to respond to the motion and there have been delays in obtaining that information from defendants because of the challenge of organizing and searching what is primarily electronically stored information.

## Background

Plaintiff has brought claims against the defendants for her termination from state employment. In her First Amended Complaint for Damages and Injunctive Relief dated October 1, 2020 (Dkt. 50-1), plaintiff made claims for (1) Violation of 42 U.S.C. § 1983 under the First Amendment to the United States Constitution; (2) Violation of Right to Freedom of Speech under Article I § 5 of the Alaska Constitution; (3) Violation of the Implied Covenant of Good Faith and Fair Dealing; (4) Wrongful Discharge in Violation of Public Policy; (5) Violation of Article XII, § of the Alaska Constitution. She also seeks injunctive relief.

In their Answer to the First Amended Complaint dated November 16, 2020, defendants denied plaintiff's claims that she was fired for her private speech and generally denied the remainder of her claims. (Dkt. 55)  In order to obtain information regarding defendants' defenses, plaintiff served a Notice of 30(b)(6) depositions along with a subpoena for relevant records on November 19, 2020. (Exhibit 1)  The 30(b)(6) categories included requiring the defendants to proffer a witness regarding (1) their affirmative defenses; (2) the requests for resignation made to all partially exempt state employees on November 16, 2018; (3) the decision to not rehire Libby Bakalar with focus on whether that decision was motivated because of her exercise of speech in her personal

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy, et al.* No. 3:19-cv-00025 JWS
Page 2 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

blog. Documents responsive to the discovery requests were due in 30 days pursuant to FCP 34 or approximately December 22, 2020. The depositions were set to occur on January 4, 2021.

Thereafter, the parties have moved the depositions multiple times because defendants' counsel has had to obtain and organize a large number of (ESI) which has taken a considerable amount of time. Plaintiff has agreed to move the deposition dates out repeatedly while the defendants have identified and organized documents responsive to the discovery requests. Those documents are expected to be received the week of April 12. Depositions of two primary witnesses for the defense have been set to occur this month: Tuckerman Babcock on April 22 and Joanne Grace on April 29. (Exhibit 2 - Affidavit of Counsel)

## Law

Extensions of time for filing an Opposition to a Motion for Summary Judgment are governed by FRCP 56(f). *Anderson v. Premera Blue Cross Blue Shield of Alaska,* A 04-93 CV (JWS), [Re: Motion at docket 30] (D. Alaska Dec. 3, 2004) To obtain an extension, the moving party:

> …must make "(a) a timely application which (b) specifically identifies (c) relevant information, where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*,784 F.2d 1472, 1475 (9th Cir. 1986). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac, Inc.*,242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). "The district court does not abuse its discretion by denying further discovery [. . . .] if the movant fails to show how the information sought would preclude summary judgment." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy*, *et al.* No. 3:19-cv-00025 JWS
Page 3 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

## Argument

Defendants have moved for summary judgment on all issues in this case. The motion was filed before plaintiff has received long-requested documents from defendants and taken individual and 30(b)(6) depositions which have been repeatedly delayed because of defendants' counsels' challenges in responding to document requests. Plaintiff's counsel expects to receive those documents this week in order to take depositions of defendant Tuckerman Babcock and head of the Civil Division, Joanne Grace. The expected discovery from the state and depositions will be the first opportunity since the filing of the First Amended Complaint for plaintiff to examine the motivations for the decision to not rehire her and to test the broad claim made by the defendants that plaintiff who provided legal advice to government officials was in fact a "policymaker" who then could be discharged for her speech.

Because the motion for summary judgment is unsupported by affidavit, sworn testimony, or otherwise admissible evidence, an argument could be made that plaintiff should not be given additional time and just challenge the motion for its evidentiary defects. However, this discovery needs to be completed, and plaintiff's five Causes of Action require discovery in order for her to make her claims in this matter and specifically as to the speech claims, apply the test in *Pickering v. Bd. of Educ.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

Consistent with the Supreme Court's decision in *Pickering,* the Ninth Circuit holds that a sequential five-step series of questions must be answered when evaluating whether there is a cognizable claim for violation of Federal free speech protections for public employees: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy, et al.* No. 3:19-cv-00025 JWS
Page 4 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech. *Hernandez v. City of Phx.,* 432 F.Supp. 3d 1049, 1059 (D. Ariz. 2020) citing *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. 2009).

Performing an analysis under *Pickering* requires both an understanding of the underlying facts and then an application of the law to those facts. While plaintiffs' speech as a highly opinionated liberal woman may be offensive to the sensitive ears of an administration that has seen two of its Attorney General's resign because of allegations of predation on younger women, without the requested discovery, the motion for summary judgment cannot be meaningfully responded to other than to challenge its evidentiary infirmities. Plaintiff also has other claims that require discovery including whether her effective discharge was a breach of the covenant of good faith and fair dealing and whether there are Constitutional Merit Principles that have been violated as well.

### Conclusion

Plaintiff has timely sought discovery and it is expected to be forthcoming. She should be given sufficient time to complete this discovery before having to respond to the Motion for Summary Judgment. The court should extend the time for her Opposition to June 11, 2021.

Dated: April 12, 2021.

CHOATE LAW FIRM LLC
Attorneys for Plaintiff

By: *Mark Choate*
Mark Choate AK#8011070

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy, et al.* No. 3:19-cv-00025 JWS
Page 5 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

_____

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document consisting of 20 pages (including exhibits and proposed Order) was sent from mark@choatelawfirm.com was sent to counsel of record on April 10, 2021 at 2:45 pm:

via USDC CM/ECF [X]  US Mail

Plaintiff's Co-counsel

Amanda J. Harber, AK #1011119
P.O. Box 661
Soldotna, AK 99669
Tel: (907) 545-4435
Email: amanda@49thstatelaw.com

Counsel for Defendants

Brewster H. Jamieson, #8411122
Peter C. Partnos, #7206029
Michael B. Baylous, #0905022
LANE POWELL LLC
1600 A Street, #304
Anchorage, AK 99501
Tel: (907) 264-3325
Fax: (206) 424-9705
Email: jamiesonb@lanepowell.com
Email: partnowp@lanepowell.com
Email: baylousm@lanepowell.com
Email: caudelj@lanepowell.com
Email: rustonr@lanepowell.com

I believe the transmission is complete and without error.

/s/ Mark Choate
_____
Choate Law Firm LLC

PLAINTIFF'S RULE 56(F) MOTION FOR
EXTENSION OF TIME
*Bakalar v. Dunleavy, et al.* No. 3:19-cv-00025 JWS
Page 6 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com