Mark Choate, 8011070
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
E-mail: lawyers@choatelawfirm.com

Amanda Harber, 1011119
49th State Law LLC
P.O. Box 661
Soldotna, AK 99669
Phone: (907) 545-4435
E-mail: amanda@49thstatelaw.com

Adam W. Hansen* *admitted pro hac vice*
Eleanor Frisch* *admitted pro hac vice*
Apollo Law LLC
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Phone: (612) 927-2969
E-mail: adam@apollo-law.com
        eleanor@apollo-law.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| ELIZABETH BAKALAR, | |
| Plaintiff, | |
| v. | Case No. 3:19-CV-00025-JWS |
| MICHAEL J. DUNLEAVY, *et al.*, | |
| Defendants. | |

## <u>PLAINTIFF'S REPLY IN SUPPORT OF HER CROSS-MOTION FOR SUMMARY JUDGMENT</u>

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 1 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 1 of 29

# INTRODUCTION

"To the victor belong only those spoils that may be constitutionally obtained."[1] Those spoils do not include requiring a thousand state employees to submit resignations with pledges of allegiance to an incoming administration. Nor do they include terminating an employee for protesting that resignation demand or for expressing opposing political views in her spare time. When Defendants brazenly tried to grab these spoils, they broke the law.

This Court has already concluded that Defendants' power grab violated the law. In *Blanford v. Dunleavy*, the Court held that the defendants violated the plaintiffs' First Amendment rights by discharging them for protesting their mass-resignation scheme.[2] That analysis applies here too, entitling Plaintiff Elizabeth Bakalar to summary judgment.

Defendants make two arguments in response. They maintain that they could fire Bakalar for political reasons because she was a policymaker. They also say that they could fire her for her political blogging because it might become disruptive. Along the way, Defendants highlight blog posts they find controversial or offensive. These arguments and this rhetorical strategy fail. Bakalar was not a policymaker because the Alaska legislature has determined that political loyalty is not a requirement of her position as an Assistant Attorney General (AAG). And though Bakalar's blogging did not cause any disruption, that's irrelevant to Defendants' argument because they contend that they fired Bakalar for

---

[1] *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64 (1990).
[2] 2021 WL 4722948, at *7-12 (D. Alaska Oct. 8, 2021).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 2 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

what she wrote in her resignation letter, not in her blog. That contention does two things. It entitles Bakalar to summary judgment on her free-speech retaliation claim because it operates as a concession that Defendants fired Bakalar for her protected speech. And it shows that Defendants' fussing over Bakalar's blog is immaterial because it does not matter to the policymaker or the retaliation analysis.

This Court should grant Bakalar's motion for summary judgment.

## BACKGROUND

Libby Bakalar's private political views and opinions were never an element of her work as an AAG.[3]  She had worked with four different governors over five administrations before being fired by the incoming Dunleavy Administration.[4]  She was never required to prove or demonstrate political loyalty to a governor or administration before the Dunleavy Administration.[5]

As an AAG, she was assigned tasks by her superiors.  She never read the law through a political prism nor was she ever asked to do so.[6]  Other lawyers and her supervisors could turn to her when they needed quality legal analysis and writing on deadline.[7]  She could do what was needed, when it was needed, competently and reliably.[8] At no time was an AAG was she ever asked to participate in formulating

---

[3] Exh. 1 - Bakalar Affidavit in Support of Reply § 3.

[4] *Id.*, § 6.

[5] *Id.*

[6] *Id.*, § 7.

[7] *Id.*, § 8

8

PLAINTIFF'S  REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 3 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 3 of 29

policy.[9]

Libby Bakalar has strong opinions about many things, from the state of politics in America, to historic discrimination against minorities and women, to motherhood and the challenges of raising children. Her personal blog, "One Hot Mess Alaska," was subject to an investigation during the Walker Administration and the investigator concluded that her personal blog was a valid exercise of her free speech and she had not engaged in any wrongdoing or improper conduct.[10] With those findings, and no further action by her supervisors, she believed that she had a constitutionally protected right to continue writing her personal blog while working as an AAG.[11]

Libby Bakalar was terminated literally minutes after the Dunleavy Administration came into power. Despite every employee in the Department of Law being required to resign and reapply for their positions, only Libby Bakalar and Ruth Bottstein were terminated from their non-policymaking jobs in the civil division. Bakalar and Bottstein share four characteristics. First, they are exceptionally talented and smart lawyers with a proven history of excellent work on behalf of the State of Alaska. Second, they are women. Third, they are Jewish. Finally, they are both critics of former President Trump.

Tuckerman Babcock testified at deposition that Bakalar was terminated because of the language in her resignation letter.[12]  Her letter, like those of her colleagues, followed

---

[9] *Id.,* § 13.

[10] *Id.,* § 15.

[11] *Id.,* §§16-18.

[12] Exh. 31, 138:7-9.

PLAINTIFF'S  REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.,* Case No. 3:19-cv-00025-JWS
Page 4 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

the template suggested by her supervisor.[13]

## ARGUMENT

Bakalar is entitled to summary judgment for her claims under the First Amendment and Alaska law.

## I. DEFENDANTS INFRINGED ON BAKALAR'S RIGHTS UNDER THE FIRST AMENDMENT.

Defendants terminated Bakalar in violation of the First Amendment's protections for speech and association. State law and Bakalar's actual duties show that she was not a policymaker. Defendants are not entitled to qualified immunity because the law clearly prohibited Bakalar's termination.

### A. Bakalar Was Not A Policymaker.

Defendants argue that the policymaker exception bars Bakalar's First Amendment claims. That's wrong. The policymaker "exception is 'narrow' and should be applied with caution."[14] It applies only when government defendants "can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved."[15] Defendants bear the burden of establishing that the exception applies.[16] They have not carried that burden here.

The Ninth Circuit looks to state law in deciding whether an employee occupies a

---

[13] Exh. 30.
[14] *Hunt v. Cty. of Orange*, 672 F.3d 606, 611 (9th Cir. 2012) (quoting *DiRuzza v. Cty. of Tehama*, 206 F.3d 1304, 1308 (9th Cir. 2000)).
[15] *Branti v. Finkel*, 445 U.S. 507, 518 (1980).
[16] *DiRuzza*, 206 F.3d at 1311.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 5 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

policymaking position for the purposes of the First Amendment.[17] Courts around the country take the same approach.[18] That is consistent with how courts determine policymaker status in other contexts.[19]

The Seventh Circuit's decision in *Fuerst v. Clarke*[20] is instructive on these points. The court recognized that "state legislatures may choose to adjust state laws to protect some level of party affiliation or participation."[21] Wisconsin had done just that. *Id.* Wisconsin law made "clear" that the plaintiff was not a policymaker because it permitted him to engage in political activity.[22] The state statutory "provisions in effect amend[ed] the [plaintiff's] job description,…confirming that political loyalty is not a valid qualification" for the job."[23]

Alaska has done the same thing. Alaska law gives state employees the right to engage in political activity and express political opinions without job repercussions.[24] The Alaska legislature also placed Bakalar's position in the same category as public defenders, who are not policymakers under *Branti*.[25] Additionally, Alaska law defines policymaking

---

[17] *See id.* at 1309.

[18] *E.g., Curtis v. Christian Cty.*, 963 F.3d 777, 786 (8th Cir. 2020); *Rose v. Stephens*, 291 F.3d 917, 924 (6th Cir. 2002).

[19] *See Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("Whether an official is a policymaker for [municipal liability under 42 U.S.C. § 1983] is a question governed by state law.").

[20] 454 F.3d 770 (7th Cir. 2006).

[21] *Id.* at 774 (citation omitted).

[22] *Id.* at 773.

[23] *Id.*

[24] A.S. § 39.25.178.

[25] 445 U.S. at 518; A.S. § 39.25.120(c)(3).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 6 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 6 of 29

positions to include those for which officials must file a financial statement with the Alaska Public Offices Commission.[26] Assistant attorneys general like Bakalar are not policymakers under this law because they do not file these statements.[27] Finally, Bakalar's work for the division of elections—a cyclical, mostly election-year portion of her job duties—did not make political loyalty a requirement of her job. The opposite is true. Alaska law explicitly designates the division as a "nonpartisan" institution.[28] In sum, as in *Fuerst*, Alaska law defines the limits of Bakalar's job duties and in so doing "confirm[ed] that political loyalty is not valid qualification" for the job.[29]

Defendants resist this conclusion, arguing that the Ninth Circuit does not consider state law in determining whether an employee is a policymaker. But that is not the law in the Ninth Circuit, and the lone case Defendants cite—*DiRuzza*—is directly contrary to their argument. In that case, the court *examined* "California law" to determine whether a sheriff's deputy was a policymaker and concluded that state law did not answer that question because "sheriff's deputy" was "not a clear job category with consistent responsibilities in California."[30] But the opposite is true here. The State of Alaska has determined that AAGs are not policymakers because they do not hold positions in which political affiliation is relevant to their job.

Defendants' other arguments fail, too. They contend that the Ninth Circuit has

---

[26] A.S. §§ 39.52.180(d)(5), (e)-(f), 39.52.180(f).
[27] Dkt. 75-1 ¶ 40; Dkt. 75-3 ¶ 9.
[28] A.S. § 15.10.105(b).
[29] 454 F.3d at 773.
[30] 206 F.3d at 1309.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 7 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 7 of 29

rejected the proposition that filing a financial disclosure statement is relevant to whether an employee is a policymaker.[31] But once again, the case they cite doesn't support that conclusion. *Biggs* held that the disclosure requirement did not matter *in that case* because it was "geared towards individuals making decisions that may affect the financial interests of the city," and "nothing indicates that these rules provide a definitive test of who is or is not a policymaking employee."[32] But this case is different, because financial disclosures *are* a definitive test of policymaker status under Alaska law.[33] Nor does *Biggs* make the fact that an employee holds a nonpartisan position irrelevant to the policymaker analysis. Political affiliation still mattered in that case because the plaintiff's family had sought the recall of the city's mayor.[34] Nothing like that is true here. Since Bakalar worked in a nonpartisan position, her "support of Governor Dunleavy's agenda and [her] particular political affiliations had no influence on any of [her] job responsibilities."[35]

The other factors that the Ninth Circuit considers when determining policymaker status confirm this conclusion. "These factors do not need to be applied mechanically, but rather should act as a guide to the underlying purpose and intent of the exception."[36] Defendants argue that Bakalar's salary, job responsibilities, and contact with elected officials support policymaker status,[37] but that's false. Her salary "had more to do with the

---

[31] Dkt. 86 at 14-15 (citing *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 997 (9th Cir. 1999)).
[32] 189 F.3d at 997.
[33] A.S. §§ 39.52.180(d)(5), (e)-(f), 39.52.180(f).
[34] 189 F.3d at 996.
[35] *Blanford*, 2021 WL 4722948, at *6.
[36] *Id.* at *5.
[37] Dkt. 86 at 12-13.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 8 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 8 of 29

cost required to hire a qualified [lawyer]…, and less about the level of influence [she] exerted over state policy and governance."[38] "The same can be said of the technical competence possessed by [Bakalar]. It is no more than any other [assistant attorney general] working at [the Department of Law]."[39] She had no regular interaction with partisan politics or political leaders performing partisan duties.[40] She did not act as a policy adviser or formulate plans for the implementation of policy goals; she simply provided impartial legal analysis on discrete, well-defined issues.[41] She supervised no one and had three levels of unelected supervisors above her.[42] In this "hierarchical system," Bakalar had no ability to "make consequential policy decisions."[43] Indeed, all of her work "had to be considered and approved by" her superiors.[44] On these facts, Bakalar was not a policymaker.

Defendants' main argument that Bakalar was a policymaker is not about Bakalar at all. It is the mistaken idea that *all* government lawyers are policymakers.[45] But there is no such categorical rule. Courts treat government lawyers like other public employees: they analyze their policymaking status on a case-by-case basis.[46] Indeed, several courts have

---

[38] *Blanford*, 2021 WL 4722948, at *7.
[39] *Id.*
[40] Dkt. 75-3 ¶ 31.
[41] *Id.* ¶¶ 10, 27-28.
[42] *Id.* ¶ 30.
[43] *Blanford*, 2021 WL 4722948, at *6.
[44] *Id.*
[45] Dkt. 86 at 13.
[46] *Cf. DiRuzza* 1309 (declining to adopt per se rule that deputy sheriffs are policymakers).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 9 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

*declined* to hold that government lawyers are policymakers.[47] And courts holding that government lawyers *are* policymakers have done so based on the relevant facts and state and local law applicable to the positions in question. For instance, in *Mummau v. Ranck* and *Ness v. Marshall*, the Third Circuit determined that the plaintiff-attorneys were policymakers based on state and city law defining the attorneys' job duties.[48] The Seventh Circuit took the same approach in *Newcomb v. Brennan*, holding that the city code and charter dictated that the plaintiff-attorney was a policymaker.[49] Alaska law compels the opposite conclusion here: Bakalar was not a policymaker because political loyalty and affiliation were not relevant to her position as an AAG.

Because Bakalar was not a policymaker, her "termination can implicate the First Amendment."[50]

## B. Defendants' Request for Mass Resignations Was An Unconstitutional Patronage Practice Violating Bakalar's First Amendment Right to Freedom of Association.

Defendants' termination of Bakalar as part of their mass-resignation scheme was an unconstitutional patronage dismissal. This Court has already correctly held that "Defendants' demand for the resignations of over 800 at-will employees, with acceptance

---

[47] *See Simpson v. Cty. of Contra Costa*, No. 12-cv-05303 YGR, 2013 WL 1283348, at *3 (N.D. Cal. Mar. 26, 2013); *Selkirk v. Boyle*, 738 F. Supp. 70, 73-74 (E.D.N.Y. 1990); *Tavano v. Cty. of Niagara*, 621 F. Supp. 345, 349-50 (W.D.N.Y. 1985), *aff'd*, 800 F.2d 1128 (2d Cir. 1986); *Layden v. Costello*, 517 F. Supp. 860, 862-63 (N.D.N.Y. 1981).
[48] *Mummau v. Ranck*, 687 F.2d 9, 10 (3d Cir. 1982); *Ness v. Marshall*, 660 F.2d 517, 521-22 (3d Cir. 1981).
[49] 558 F.2d 825, 829 (7th Cir. 1977).
[50] *Blanford*, 2021 WL 4722948, at *7.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 10 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 10 of 29

or rejection of each resignation dependent upon an accompanying statement of commitment to state employment under the incoming administration, is…an unconstitutional patronage practice."[51] Bakalar, like the plaintiffs in *Blanford*, was unconstitutionally terminated as part of this scheme.

Defendants incorrectly suggest that Bakalar did not allege a free-association claim based on Defendants' resignation demand.[52] Bakalar's complaint was materially identical to the plaintiffs' complaint in *Blanford*.[53] This Court properly reached the question of whether Defendants' mass-resignation scheme violated the *Blanford* plaintiffs' First Amendment associational rights. It should do so here, too. Bakalar's initial and first amended complaint both asserted a claim based on Defendants' resignation request.[54] Like the plaintiffs in *Blanford*, Bakalar described Defendants' resignation scheme and asserted that the requests for resignations were meant to solicit a pledge of allegiance from state employees to Mr. Dunleavy's political positions.[55] She then refined her factual allegations and legal theories through discovery and the parties' summary-judgment motions.[56] This more than suffices to allege a claim for the violation of her right to free association.

Defendants' arguments on the claim's merits fare no better. They argue only that

---

[51] *Id.* at *8.
[52] Dkt. 86 at 19.
[53] *Compare* Dkt. 1-1, *with Blanford*, No. 3:19-cv-00036-JWS, Dkt. 1-1.
[54] *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories.").
[55] Dkt. 1-1 ¶¶ 36-55; Dkt. 50-1 ¶¶ 39-61; *Blanford*, Dkt. 1-1 ¶¶ 24-46.
[56] *Alvarez*, 518 F.3d at 1158.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 11 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 11 of 29

"unconstitutional exercises in patronage involve non-policymaking employees and either political party affiliation or electoral support."[57] The first point is true, but inapposite because Bakalar was not a policymaker. The second point is not true. As this Court recognized in *Blanford*, "[p]arty affiliation of the employee is not, in and of itself, the determinative factor in these cases…. [T]o support a First Amendment claim under these patronage cases, it is sufficient for the employee to show 'that they were fired for failing to endorse or pledge allegiance to a particular political ideology.'"[58] Bakalar has done that here. She was terminated within minutes of Dunleavy's inauguration because she did not support Defendants' political agenda.

This Court should grant summary judgment to Bakalar on her First Amendment free-association claim.

### C. Defendants Violated the U.S. Constitution by Terminating Bakalar in Retaliation for Exercising her First Amendment Rights.

Bakalar's termination also violated her First Amendment right to be free from retaliation for exercising her speech rights. Bakalar maintains that she was discharged because of her blogging; Defendants contend that they fired her because she protested the resignation scheme.[59] Bakalar is entitled to summary judgment on either account.

Defendants do not dispute that Bakalar blogged on issues of public concern.[60] And

---

[57] Dkt. 86 at 19 n.85.
[58] 2021 WL 4722948, at *8 (citation omitted).
[59] Dkt. 86 at 24.
[60] *Id.* at 20.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 12 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 12 of 29

because her resignation letter was a "protest [of] the resignation request,"[61] it too was on a matter of public concern.[62]

Nor do Defendants contest that Bakalar did her blogging as a private citizen rather than as a public employee. And this Court's analysis of this issue in *Blanford* shows why Bakalar spoke as a private citizen for First Amendment purposes in her resignation letter.[63]

Bakalar's speech was a substantial motivating factor for her termination. Defendants fired Bakalar for her politically liberal blogging. Defendants concede that they knew of the "strong opinions" Bakalar had expressed in her blog.[64] And the evidence uniformly supports the conclusion that Defendants fired her for these opinions. Many blog posts were made close in time to her termination.[65] Babcock's history as a politician and comments about the resignation scheme showed a willingness to retaliate against those who opposed his and Dunleavy's conservative agenda. And Defendants' argument that they fired Bakalar for the "tone" of her resignation letter is clearly pretextual.[66] Although every attorney in the Department of Law received Babcock's memorandum,[67] only Bakalar and Botstein—who shared the common characteristic of being known critics of President Trump—were fired.[68] Worse yet for Defendants, Bakalar's resignation letter, like those of

---

[61] *Id.* at 24.
[62] *Blanford*, 2021 WL 4722948, at *11.
[63] *Id.*
[64] Dkt. 86 at 23.
[65] *Id.* at 7.
[66] Dkt. 86 at 23.
[67] Dkt. 56 at 2.
[68] Dkt. 75-3 ¶¶ 22-25; Dkt. 75-38.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 13 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 13 of 29

many of her colleagues, followed the template suggested by her supervisor.[69] Bakalar stated that "[m]y resignation is not voluntary, but is instead being made at the request of Mr. Babcock, who has indicated that if I do not submit my resignation as requested my employment will be terminated."[70] That statement was all but identical to what one of Bakalar's colleagues wrote in her letter: "I do not do this voluntarily, but rather, because I understand that if I do not submit my resignation as requested my employment will be terminated."[71] The "tone" and import of these letters are the same. Defendants fired Bakalar for her political speech.

There's a second reason this Court can grant Bakalar summary judgment on the issue of causation: Defendants concede it. Defendants insist that they fired Bakalar solely because of what she wrote in her resignation letter: "Mr. Babcock acted only on what he perceived in the letter when he discharged Ms. Bakalar."[72] And what he saw there was a "protest" of "the resignation demand."[73] Because Bakalar's statements in her resignation letter and on her blog both were protected under the First Amendment, there therefore "is no dispute that" Defendants fired Bakalar for her speech.[74] *Either* Bakalar's *or* Defendants' explanation for her termination warrants summary judgment for Bakalar on this issue.[75]

---

[69] *Compare* Dkt. 75-32, *with* Dkt. 75-33, 75-37, 75-38.

[70] Dkt. 75-33 at 1.

[71] Dkt. 75-39.

[72] Dkt. 86 at 23.

[73] *Id.* at 24.

[74] *See* 2021 WL 4722948, at *12.

[75] The same analysis shows why Bakalar is also entitled to judgment on the fifth and final *Pickering* element concerning whether Defendants would have terminated her absent her protected speech.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.,* Case No. 3:19-cv-00025-JWS
Page 14 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 14 of 29

Nor were Defendants justified in firing Bakalar. They weakly assert that they were "entitled to anticipate a problem" because Bakalar protested the resignation demand.[76] What problem this might have been isn't clear, and Defendants provide no support to think there was one. Worse yet, since Defendants' assertion that they fired Bakalar because of her resignation letter is pretextual, they cannot justify her termination based on phantom concerns about what that letter might have indicated.[77] And in any event, Defendants could not fire Bakalar for "any disruptive effects" of her protest—even assuming there were any—because these were "a product of the resignation plan itself."[78]

Shifting gears, Defendants contend that they were entitled to anticipate that Bakalar's *blogging* would have caused disruption.[79] This is a doomed argument. "'[D]efendants must demonstrate actual, material and substantial disruption,' or 'reasonable predictions of disruption' in the workplace."[80] "Simply saying that there has been or will be disruption, without supporting evidence, is not enough. In the face of *Pickering*, the 'because I said so' approach is insufficient to establish a reasonable prediction of disruption, let alone actual disruption."[81] "[R]eal, not imagined, disruption is required."[82]

---

[76] Dkt. 86 at 24.
[77] *See Robinson v. York*, 566 F.3d 817, 825 (9th Cir. 2009).
[78] *Blanford*, 2021 WL 4722948, at *12.
[79] Dkt. 86 at 20-23.
[80] *Robinson*, 566 F.3d at 824 (quoting *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1407 (9th Cir. 1988)).
[81] *Nichols v. Dancer*, 657 F.3d 929, 931 (9th Cir. 2011).
[82] *Nunez v. Davis*, 169 F.3d 1222, 1229 (9th Cir. 1999).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 15 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 15 of 29

Defendants do not contend that Bakalar's blogging caused any actual disruption. They instead claim that they were "entitled to predict" that her blogging would lead to problems.[83] There is no support for this claim. The record uniformly shows that Bakalar was an excellent attorney and colleague during her time in the Department of Law. Her supervisor described her as a "highly valued" lawyer who did a "splendid job."[84] And though Bakalar maintained a personal blog in which she expressed her views on national politics and other topics, no allegation has ever been made—not even by Defendants in this case—that Bakalar's political beliefs compromised her advocacy on behalf of Alaska, regardless of the administration she worked under. Indeed, her supervisor confirmed that Bakalar's blogging "had not interfered with her work" in any way.[85]

Defendants have "not produce[d] evidence to establish that its predictions of disruption or disloyalty are anything but speculation."[86] Defendants' argument boils down to the hypothetical notion that Bakalar would have had difficulty working with colleagues who didn't share her political views. But that flight of imagination finds no support in the record, which shows that Bakalar had always won high praise for her work from colleagues and clients from all sides of the political spectrum. Bakalar's political views had not changed overnight, and Defendants provide no reason to think that anything about Bakalar's work would either. Simply put, the "record offers no support for the claim that

---

[83] Dkt. 86 at 20.
[84] Dkt. 75-4 at 15.
[85] Dkt. 75-23 at 11.
[86] *Nichols*, 657 F.3d at 935.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.,* Case No. 3:19-cv-00025-JWS
Page 16 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 16 of 29

[Bakalar's blogging] threatened to disrupt [the Department of Law's] operations, or that [Bakalar] was predisposed to cause problems down the road."[87]

Evidentiary problems aside, there's an even more fundamental problem with Defendants' arguments about Bakalar's blogging. For purposes of the *Pickering* analysis, employers cannot defend terminating an employee over hypothetical concerns about disruption when they admit that the termination had nothing to do with those concerns: "It must be the case, of course, that the concern for disruption, rather than some other, impermissible motive, was *the actual reason* for the adverse employment action."[88] In other words, "engaging in *Pickering* balancing is not like performing rational basis review, where [courts] uphold government action as long as there is some imaginable legitimate basis for it."[89] These principles apply here. Defendants insist that Bakalar's termination *had nothing to do* with her blogging or any disruption it supposedly might have caused.[90] They cannot now attempt to *justify* her termination by citing fictional concerns that they concede they never had.[91]

In sum, "[w]ithout any outweighing interests, Defendants could not terminate [Bakalar] for [her] protected [speech] without running afoul of the First Amendment."[92]

### D. Babcock and Dunleavy Are Not Entitled to Qualified Immunity.

---

[87] *Id.*
[88] *Locurto v. Giuliani*, 447 F.3d 159, 180 (2d Cir. 2006) (emphasis added).
[89] *Nichols*, 657 F.3d at 935 (quoting *Kinney v. Weaver*, 367 F.3d 337, 363 (5th Cir. 2004)).
[90] Dkt. 86 at 23-24.
[91] *See Robinson*, 566 F.3d at 825.
[92] *Blanford*, 2021 WL 4722948, at *12.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 17 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 17 of 29

Babcock and Dunleavy are not entitled to qualified immunity for Bakalar's free-association and free-speech claims. This Court's analysis of that issue in *Blanford* shows why.

There, the Court held that Defendants' mass-resignation demand violated clearly established law.[93] "It is beyond debate based on Supreme Court precedent that it is unconstitutional to require non-policymaking employees to signal a commitment to a political agenda in order to retain their jobs." *Id.* That is what Defendants did here, and Bakalar was discharged because she did not share that agenda.

It is also clearly established that Defendants could not terminate Bakalar for statements she made in her resignation letter or in her blog. As this Court held in *Blanford*, the law prohibited Defendants from firing Bakalar for protesting their unconstitutional resignation request.[94] Nor could Defendants have fired Bakalar for her political blogging: "It is well understood that a non-policymaking public employee cannot be fired for reasons encompassing political speech or affiliation."[95] Neither can Defendants assert that disputed facts about workplace disruption warrant qualified immunity, since they admit that they *did not* terminate Bakalar for this reason.[96]

As in *Blanford*, Defendants argue that no "existing case law…put them on notice" that Bakalar was not a "policymaker for purposes of the First Amendment."[97] And as in

---

[93] *See id.* at *12.
[94] *Id.* at *13.
[95] *Id.*
[96] Dkt. 86 at 23-24.
[97] *Blanford*, 2021 WL 4722948, at *13; *see* Dkt. 86 at 25.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 18 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 18 of 29

*Blanford*, that argument fails: "Defendants could not have reasonably believed [Bakalar] occupied a political position" "where political consideration would come into play."[98] Both state law and Bakalar's actual duties show that political affiliation was not an appropriate requirement for her position. Defendants are not entitled to qualified immunity.

## II.    DEFENDANTS VIOLATED ALASKA LAW.

Defendants also violated the merit principle, implied covenant of good faith and fair dealing, and the free-speech and free-association principles enshrined in Alaska law. Bakalar can recover damages and equitable relief for these claims.

### A.    Defendants Violated Alaska's Constitutional Merit Principle and Its Implementing Legislation, the Personnel Act.

Defendants violated Alaska's constitutional merit principle through their mass-resignation scheme and by terminating Bakalar for political reasons. As this Court correctly recognized in *Blanford*, Defendants' resignation demand "functioned less as an employment formality and more of a hedge against, and warning to, political dissenters working in state government. At a minimum, the resignation demand had the purpose and effect of infusing political concerns and considerations into the civil service sector."[99] That contravened the merit principle.

Bakalar was one of those political dissenters, and she paid for it. On Defendants' explanation, she was terminated because she "protest[ed] the resignation request."[100] On

---

[98] *Blanford*, 2021 WL 4722948, at *13.
[99] *Id.* at *9.
[100] Dkt. 86 at 24.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 19 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 19 of 29

Plaintiff's, she was discharged because her political views did not align with Defendants'. Either way, Bakalar was not retained "secure from political influences," in violation of the merit principle.[101]

Defendants contend that the merit principle did not protect Bakalar because she was a partially exempt, rather than a classified, employee under the Personnel Act.[102] Their argument relies on the false assumption that the merit principle applies *only* to classified employees. It's true that as a partially exempt employee, certain personnel rules did not apply to Bakalar.[103] But those rules did not include the merit principle;[104] the principle's protections applied to her with full force.

Even if Bakalar did not have a cause of action under the Personnel Act, she still had a *constitutional* claim for Defendants' violation of the merit-principle provision of the Alaska Constitution.[105] Defendants suggest that Alaska's constitutional protections for state employees extend no farther than *Pickering* and *Branti* because two Alaska cases did not mention the merit principle in the context of employees' speech.[106] But it is no surprise that the merit principle was not a factor in these cases because neither had anything to do with "the evils of the spoils system."[107] But this one does. And here, the merit principle

---

[101] A.S. § 39.25.010(b)(5).
[102] Dkt. 86 at 30.
[103] A.S. § 39.25.120(b)(3).
[104] *See id.*
[105] *See Moore v. Alaska*, 875 P.2d 765, 767 (Alaska 1994).
[106] Dkt. 86 at 30 (citing *Alaskans for a Common Language v. Kritz*, 170 P.3d 183, 203-04 (Alaska 2007); *Wickwire v. Alaska*, 725 P.2d 695, 700-01 (Alaska 1986)).
[107] *Moore*, 875 P.2d at 772.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 20 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 20 of 29

barred Defendants' actions.

## B.     Defendants Violated Alaska's Free-Speech Clause.

Defendants also violated the Alaska Constitution's free-speech clause. Like the First Amendment, Alaska's free-speech clause protects both speech and association.[108] Defendants urge the Court to treat the First Amendment and Alaska's free-speech clause as coextensive, but its argument finds no support in either the text of the Alaska Constitution or the caselaw interpreting it. The Alaska Constitution provides that "[e]very person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."[109] "This language is far more explicit than that contained in the free speech clause of the federal Constitution."[110] That translates into greater protection under Alaska law.[111]

This has two implications. First, because Defendants violated the First Amendment, their "conduct also violated Alaska's free speech protections."[112] Second, because Alaska law is more protective than federal law, Bakalar can prevail on her claims under the Alaska Constitution *even if* her First Amendment claims fail.[113]

---

[108] *See Alaska Gay Coal. v. Sullivan*, 578 P.2d 951, 954 (Alaska 1978).
[109] Alaska Const. art. 1, § 5.
[110] *Alaska v. Haley*, 687 P.2d 305, 322-23 (Alaska 1984) (Burke, J., concurring).
[111] *Blanford*, 2021 WL 4722948, at *13 (citing *Club SinRock, LLC v. Anchorage*, 445 P.3d 1031, 1037-38 (Alaska 2019)); *see Alaskans for a Common Language*, 170 P.3d at 203 ("Alaska is more protective of employee speech than is federal law.").
[112] *Blanford*, 2021 WL 4722948, at *13.
[113] *See Alaskans for a Common Language*, 170 P.3d at 203-04 ("[T]here may be instances where we would find that certain speech…was protected under Alaska's Constitution even though a federal claim might yield a contrary result.").

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 21 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 21 of 29

One way that Alaska law is more protective is that it does not make policymaker status dispositive. An employee's policymaker status—or not—is just one factor to consider. The Supreme Court of Alaska made that clear in *City & Borough of Sitka v. Swanner*.[114] There, the court held that the "designation of [an employee] as a 'policymaker' [is] of minimal value in its own right, but instead only one of the factors to be considered."[115] Defendants strain mightily to characterize this holding as dicta.[116] That characterization defies reality. The defendant in *Swanner* made the same argument that Defendants do here—that a government employer could fire a policymaking public employee without violating that employee's free-speech rights.[117] Indeed, it argued that the trial court had erred in denying its request for a directed verdict, which it based on its contention that policymaker status was dispositive of the employee's claim.[118] The *Swanner* court rejected that argument, holding that it "f[ou]nd such a 'policymaking' exception inapplicable."[119] It explained that "the extent that an employee maintains a high level policymaking position which the government has a legitimate interest in restricting is only one of the factors properly considered in the Pickering balance of interests test."[120] It continued: "The jury instructions proffered by the trial court properly took into account Swanner's position as a 'policymaker' or high ranking employee, but recognized that such

---

[114] 649 P.2d 940 (Alaska 1982).
[115] *Id.* at 946.
[116] Dkt. 86 at 18-19.
[117] *See Swanner*, 649 P.2d at 944-46.
[118] *Id.* at 945-46.
[119] *Id.* at 945.
[120] *Id.*

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 22 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 22 of 29

a designation was not conclusive."[121] Far from producing dicta, the *Swanner* court pronounced the law and applied it to the case to affirm the trial court's judgment.

Alaska cases after *Swanner* confirm that Alaska does not recognize a policymaker exception. Defendants cite no Alaska case applying a policymaker exception. Alaska courts instead analyze free-speech claims "under the *Pickering* balancing test as interpreted by *Swanner*,"[122] with an employee's policymaking status being just one factor. And that status does not carry much weight, since courts do not even mention the status in their analysis of free-speech claims.[123] The upshot is straightforward: *even if* Bakalar is a policymaker, that does not bar her state constitutional claims from going forward.[124]

In view of these principles, Bakalar has proven that Defendants violated the free-speech and freedom-of-association principles of the Alaska Constitution.

To begin, since there is no threshold policymaker exception, Defendants cannot prevail on Bakalar's free-association claim. That is the only possible defense they have to Bakalar's claim concerning their patronage dismissal, but it is not a defense they enjoy under Alaska law.

As for Bakalar's free-speech claim, even if some small amount of her job duties

---

[121] *Id.*

[122] *Haley*, 687 P.2d at 312.

[123] *See, e.g.*, *id.* at 311-15; *Beard v. Baum*, 796 P.2d 1344, 1351-53 (Alaska 1990).

[124] It bears noting that Alaska is free to construe policymaker status more narrowly for state constitutional claims than federal courts do for First Amendment claims. And though the parties disagree about whether Alaska state law is relevant to Bakalar's policymaker status for her First Amendment claims, there can be no disagreement that it is relevant to her *state* constitutional claims. And that law, as Bakalar has argued, shows that she is not a policymaker.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 23 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 23 of 29

involved policymaking, she is still entitled to judgment on that claim. Defendants have not carried their burden of showing that "the exercise of [Bakalar's] rights substantially and materially interfered with the discharge of [her] duties and responsibilities," and that the prevention of the disruption outweighed [her] interest in commenting on, and the public's right to be informed about, matters of public concern."[125] As with their defense to Bakalar's First Amendment free-speech claim, Defendants cannot rely on hypothetical concerns about disruption due to Bakalar's blogging that Defendants admit were not their actual reason for firing her.[126]

Bakalar's case mirrors that of the employee in *Haley*. The Alaska Supreme Court rejected the employer's argument that the employee's published political speech interfered with her ability to perform her work in a "nonpartisan position."[127] The employers, like Defendants here, had failed to make a showing of "actual" disruption or bias in the employee's work.[128] As in *Haley*, "it could not be concluded that [Bakalar] was terminated for a reason which was constitutionally permissible."[129]

## C. Bakalar Is Entitled to Damages and Other Remedies for Defendants' State Constitutional Violations.

Bakalar is entitled to damages and declaratory and injunctive relief for Defendants' violations of the Alaska Constitution. Defendants do not contest that equitable relief is

---

[125] *Haley*, 687 P.2d at 312 (quoting *Swanner*, 649 P.2d at 944).
[126] *See Beard*, 796 P.2d at 1352.
[127] 687 P.2d at 312-13.
[128] *Id.* at 314.
[129] *Id.* at 315.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 24 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 24 of 29

available for Bakalar's state constitutional claims.[130]

Defendants instead argue that *damages* are unavailable, relying on the rule that there generally is no implied cause of action for damages under the Alaska Constitution.[131] But that rule does not bar a claim for damages *in this case* because Bakalar has a *statutory* cause of action against Defendant State of Alaska for her constitutional claims. Under Alaska law, "[a] person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state in a state court that has jurisdiction over the claim."[132] In *Haley*, the Alaska Supreme Court held that the plaintiff had a "statutory cause of action under" this provision for her claim for damages against the State of Alaska for terminating her in violation of the First Amendment and Alaska's free-speech clause.[133] Just like Haley, Bakalar may recover damages against the State for her unconstitutional termination.

### D. Defendants Violated the Implied Covenant of Good Faith and Fair Dealing and Wrongfully Discharged Bakalar.

Defendants also breached the implied covenant of good faith and fair dealing and wrongfully discharged Bakalar. An employer breaches the covenant by violating *either* its objective *or* its subjective component.[134]

An employee can prove a breach of the objective component in three ways: she was

---

[130] *Larson v. Alaska*, 284 P.3d 1, 10 (Alaska 2012) (injunctive relief is available for state constitutional violations even when damages are not).
[131] *Blanford*, 2021 WL 4722948, at *13.
[132] AS § 09.50.250.
[133] 687 P.2d at 317-18.
[134] *Crowley v. Alaska*, 253 P.3d 1226, 1230 (Alaska 2011).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 25 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 25 of 29

subject to disparate treatment or terminated on grounds that are unconstitutional or violate public policy.[135] Bakalar can show all three things here.

First, her termination was unconstitutional because it violated the First Amendment and the merit-principle and free-speech clauses of the Alaska Constitution.[136]

Second, her retaliatory termination for her political expression violated public policy considerations rooted in principles of privacy, free speech, and political freedom.[137]

Third, Bakalar was a victim of disparate treatment. Babcock and Dunleavy used their mass-resignation scheme as cover for firing the two non-policymaking attorneys whose politics they didn't approve. And *even if* Babcock's stated reason for firing Bakalar—that he didn't care for the "tone" of her resignation letter[138]—were true, that would *still* show that he treated her differently than other attorneys in the Department of Law. Bakalar's letter was materially identical to the letter of at least one of her colleagues. But Bakalar's colleague wasn't fired; only Bakalar was. That is textbook disparate treatment.

Defendants mount little defense to these arguments. They contend that they did not commit any constitutional violations or violate public policy. That's wrong.[139] They also maintain that they did not subject Bakalar to disparate treatment, claiming that "it was not

---

[135] *Id.* at 1232.
[136] *Blanford*, 2021 WL 4722948, at *14.
[137] *Reed v. Municipality of Anchorage*, 782 P.2d 1155, 1158 (Alaska 1989); *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1130 (Alaska 1989).
[138] Dkt. 86 at 23-24.
[139] *Blanford*, 2021 WL 4722948, at *14.

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 26 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 26 of 29

unreasonable for Defendants to discharge an elections lawyer who blogged about politics while retaining lawyers who did not."[140] This defense fails. It relies on a reason for terminating Bakalar—that she blogged about politics—that Defendants have insisted was *not* their actual reason for firing her.[141] Defendants do not even attempt to defend their stated reason for firing Bakalar for her resignation letter. Nor could they, since they didn't terminate another lawyer whose letter was identical to hers.

Bakalar's termination also violated the subjective component of the covenant. Defendants' decision to fire Bakalar "was made in bad faith."[142] Defendants fired Bakalar not because of anything she said in her resignation letter, or because her blogging was disruptive, but because they didn't like her politics. That was an improper motive.[143]

Finally, Defendants are liable for wrongfully terminating Bakalar in violation of public policy for the reasons stated above.[144]

## CONCLUSION

The Court should grant Bakalar's motion for summary judgment.

DATED this 23rd day of November, 2021.

/s/ Mark Choate
Mark Choate, 8011070
Choate Law Firm LLC

---

[140] Dkt. 86 at 29.
[141] *Id.* at 23.
[142] *Crowley*, 253 P.3d at 1230 (quoting *Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999)).
[143] *Id.*
[144] *See Eldridge v. Felec Servs., Inc.*, 920 F.2d 1434, 1437 (9th Cir. 1990).

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT
*Bakalar v. Dunleavy et al.*, Case No. 3:19-cv-00025-JWS
Page 27 of 29

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 27 of 29

424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
E-mail: lawyers@choatelawfirm.com


*/s/ Adam Hansen*_____
Adam W. Hansen*
Eleanor Frisch*
Apollo Law LLC
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Phone: (612) 927-2969
E-mail: adam@apollo-law.com
        eleanor@apollo-law.com

*admitted pro hac vice*

*/s/ Amanda Harber*_____
Amanda Harber, 1011119
49th State Law LLC
P.O. Box 661
Soldotna, AK 99669
Phone: (907)
E-mail: amanda@49thstatelaw.com


*Attorneys for Plaintiff*


**Certificate of Service**

I certify that a true and correct copy of the foregoing
document consisting of 29 pages was sent from
mark@choatelawfirm.com was sent to counsel of
record  via USDC CM/ECF [X]

Amanda J. Harber, AK #1011119        Plaintiff's Co-counsel
49th State Law
P.O. Box 661
Soldotna, AK 99669
Tel: (907) 420-4290
Email: amanda@49thstatelaw.com

PLAINTIFF'S  REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT    CHOATE LAW FIRM LLC
*Bakalar v. Dunleavy et al.,* Case No. 3:19-cv-00025-JWS    424 N. Franklin Street
Page 28 of 29    Juneau, AK 99801
    (907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS   Document 93   Filed 11/22/21   Page 28 of 29

Adam W. Hansen, Eleanore Frisch, Pro Hac Vice
Apollo Law LLC
333 Washington Ave. N., Ste. 300
Minneapolis, MN 55401
(612) 927-2969
adam@apollo-law.com
eleanor@apollo-law.com

Brewster H. Jamieson, #8411122                    Counsel for Defendants
Peter C. Partnos, #7206029
Michael B. Baylous, #0905022
LANE POWELL LLC
1600 A Street, #304
Anchorage, AK 99501
Tel: (907) 264-3325
Tel: (907) 264-3317
Tel: (907) 264-3303
Fax: (907) 276-2631
Email: jamiesonb@lanepowell.com
Email: partnowp@lanepowell.com
Email: baylousm@lanepowell.com
Email: caudelj@lanepowell.com
Email: rustonr@lanepowell.com

/s/ Mark Choate

_____

Choate Law Firm LLC

PLAINTIFF'S REPLY BRIEF IN SUPP. OF HER CROSS-MOTION FOR SUMMARY JUDGMENT          CHOATE LAW FIRM LLC
*Bakalar v. Dunleavy et al.,* Case No. 3:19-cv-00025-JWS                          424 N. Franklin Street
Page 29 of 29                                                                     Juneau, AK 99801
                                                                                  (907) 586-4490 F(206) 424-9705

Case 3:19-cv-00025-JWS    Document 93    Filed 11/22/21    Page 29 of 29